## *Ex parte* Delilah Moore.

The widow cannot renounce her rights, under a will, given in lieu of dower, and insist upon dower, after the expiration of six months from the time of the probate of the will.

APPEAL.

This was an appeal from the probate court of Marshall county. On the 24th day of June, at the June term of the probate court aforesaid, the will of J. B. Moore, deceased, was admitted to probate. At the December term, 1840, of the same court, on the 28th of December, Delilah Moore, widow of the decedent, delivered her written renunciation, in due form, of the provisions made for her by the said will. The court refused to receive this renunciation, or to admit it to record, because more than six months had elapsed, after the probate of the will, before the renunciation was made. From the order of the court, refusing to receive and record the renunciation, this appeal is prosecuted.

W. YERGER for appellant.

The act of 1821, Rev. Code, p. 40, provides that "a widow shall be barred of her right of dower in lands, or share in the personal estate, &c. unless, within six months after the authentication or probate of the will, she shall deliver or transmit to the court, where such authentication or probate hath been made, a written renunciation," &c. How. & Hut. 350, sec. 37; ibid. 351, sec. 47.

It is further provided that the court shall sit on the fourth Monday in every month. Ibid. 351.

It might be insisted for the appellant, that the court had no right to refuse her renunciation, at whatever time made. The statute which bars her right of dower is a mere statute of limita-

*Ex parte* Delilah Moore.

tion, and which would have to be pleaded by the heir or personal representative, on her application for dower or for a share of the personalty.   It was therefore surely a matter of high-handed authority in the court to refuse the renunciation.   It surely would have been sufficiently soon to have decided against her right of dower upon her application and a plea of the statute.

As, however, it is important to all parties to have an adjudication of the question of her right to renounce at the time she applied, all matters of mere form will be waived, and the main question in controversy only considered.

By referring to the facts of this case, it will be seen that on the first day of the first court which sat after the expiration of six calendar months from the time the will was admitted to probate, the widow delivered her renunciation.   It seems, however, that six months had elapsed on the 25th of December, but the court did not sit until the 28th, consequently it is urged, as her renunciation was not delivered until that day, her right of dower was barred.

It will be seen, on reference to the statute, that the sessions of the court were to be held monthly—on the fourth Monday in every month.   It will be seen at a glance that, by fixing the commencement of the term on a particular Monday or day in the week, instead of a certain day in the month, there would frequently be more than a month between the sittings of the court; still it is evident, from the statute, that the legislature did not contemplate a bar of the widow's election until the session of the fifth term of the court after the probate of the will.

By the common law, no time was limited within which the widow had to elect between her dower right and the provisions of the will.   She could claim dower at any time, until she had actually elected to take under the will, or had been compelled by bill in equity to choose.   As this statute takes away a common law right, and creates a forfeiture, it will receive such a construction as shall least change the rule of the common law.

One thing is clear: the court will give the widow the *full* time allowed her by statute to make the election.   No such construction will be given as will deprive her of one day which the law allows her.

It will be seen that the renunciation must be made within six months, and to the court which admitted the will to probate. The renunciation is to be delivered, not to the judge, nor the clerk, nor the sheriff, not to be filed in the clerk's office, or with the judge, but is to be delivered to the *court* which admitted the will to probate.

What is a court? It has been defined to be a "place where justice is *judicially* administered." Co. Lit. 58.

The constituent officers of a court are a judge, clerk or prothonotary, and an executive officer or sheriff. When all these officers meet together, in pursuance of law, to administer justice, they then constitute a *court*. The probate court only meets once a month; consequently, as the renunciation of the widow had to be delivered to the court, it is certainly in time if delivered to the first court which sat after the lapse of six months from the probate of the will. Any other construction of the statute would limit her right of election, in many cases, to five months, inasmuch as it will frequently happen that, on the day when the six calendar months would expire, there would be no court, as in the present instance, to whom her renunciation could be delivered.

If the renunciation be made to a court, which the statute requires, the foregoing positions must be correct; otherwise it would happen in many instances that the widow would have to make her election for weeks preceding the expiration of the six months. Such a construction would not be consonant either with law or justice.

The position for which we contend injures no one. Because until the term of the court at which we contend the election is determined, no action based upon that election or renunciation could be made by either party in interest. Until that term of the court, unless the renunciation had been made at or before a preceding term, no petition for an assignment of dower or division of the personalty could be made by the widow; nor could the administrator or any other party in interest have procured the action of the court, based upon her election, prior to the term at which the renunciation was delivered in this case. Then why place a forced construction upon a statute, in order to work the forfeiture

of a vested common law right, and to determine the widow's right of election without any possible benefit accruing to any one? At the November term her right of election was not determined, and the court at which she did renounce was the first after the lapse of six months at which she could assert her right.

Mr. Justice CLAYTON.

The will of John B. Moore, deceased, was admitted to probate in the proper court in Marshall county, on the 24th of June, 1840; on the 28th of December following, his widow Delilah transmitted to the court a written renunciation of the provisions made for her by the will, and elected to take her legal share of the estate. The probate court refused to receive the renunciation, because it was not offered in six months from the probate of the will, and the cause comes up by appeal to this court.

This single point only is presented for decision. We have been able to find no direct authority, and have therefore to settle it upon principle.

The time within which the widow is required to transmit her renunciation to the court had in this instance clearly elapsed before it was done. The six months and some two or three additional days had expired. It is a dangerous experiment to extend the terms of a statute by construction beyond their obvious import. In attempting thus to moderate the apparent rigor of a rule, we may do more mischief than by a strict adherence to it. It would tend to destroy the certainty of the law, and thereby increase litigation and disturb the repose of society. It is true, that in this case the stretch is small, extending only to two or three days; but there must be some fixed point, some settled boundary; and place it where we may, it is liable to exclude some claim perhaps equally meritorious with this. It is better therefore to abide by the law as it is written, than to create exceptions without being able to foresee where they may end.

It is contended, with much plausibility, that as the law requires monthly sessions of the probate court to be holden, it was the intention of the legislature that the widow should have six terms of that court, including the one at which the will was proved, within which to renounce.

*Ex parte* Delilah Moore.

This interpretation is injurious, but may perhaps partake too much of refinement to be adopted in a system which requires the obvious meaning and common acceptation of words to be adhered to, in their construction. The statute uses the term months, and it implies a good deal of latitude to say that it means the sessions of a court.   H. & H. 350, 1.

We regret that the widow did not in this case pursue her rights in time to secure them, but we are not permitted to yield to our sympathies so far as to depart from the plain language of the statute.

Judgment affirmed.