SARAH COLLINS *v.* SAMUEL MELTON, Executor.

1. LAST WILL AND TESTAMENT: RENUNCIATION AND ELECTION OF WIDOW: EFFECT OF.—The failure of the widow to renounce the will within the period prescribed by the statute, Rev. Code 468, article 169, places her in the condition she would

Collins *v.* Melton.

have been in if the statute had never been passed, and amounts to an election to take under the will.

2. LAST WILL AND TESTAMENT: ELECTION AND RENUNCIATION OF WIDOW: MISTAKE: DOWER.—The widow is not barred of her dower by her election to take under the will, if her election was made under a mistake, and she subsequently failed to obtain the benefit of the provisions made by the will in her behalf.

3. SAME: CASE IN JUDGMENT.—The will of Collins gave to his wife a life estate in six slaves and a section of land, and a fee-simple interest in certain personal property. The estate was amply solvent at death of Collins, and subsequently became insolvent by reason of the war, and emancipation of the slaves. The executor petitioned to sell the lands devised to the wife of Collins, for the payment of debts. She answered, claiming dower, or the land specifically devised. Held— That she was entitled to dower, and should account to the estate for the personal property, excepting slaves, which she had received.

APPEAL from the Probate Court of Madison county. Hon. William S. Bailey, judge.

Appellee as the executor of Starkey Collins, deceased, filed his petition in the Probate Court of Madison county at the September Term, 1865, for a sale of all the lands of his testator, and alleging that the personal property was insufficient to pay the debts of the estate. Appellant, as the widow of Starkey Collins, was made a party to the petition, and upon a return of citation, duly executed, appeared and answered. The answer states, that Starkey Collins made his will on the 8th of July, 1859, died soon after, and the will was duly admitted to probate. That said will gave to appellant an estate for life in six slaves and a section of land, and a fee-simple interest in certain other personal property. That she did not renounce the benefit of the provisions of said will within six months, continued to reside on the lands which had been devised to her (the dwelling-house of testator being situated on said lands), and is content to abide by the devise in lieu of dower, if not disturbed in the possession thereof. Admits the insolvency of the estate, caused by the war, and the emancipation of the slaves. That it would be unjust to sell the lands devised to her, and at the same time to deprive her of dower in the general landed estate of her deceased husband. Makes her answer a cross-bill, and asks for dower in the general landed estate of her deceased husband; describes the lands, being in all twenty-two hundred and thirty acres, and prayed

that the court would refuse to decree a sale of the section of land which was devised to her for life; or if the lands devised to her should be decreed to be sold, that the court would grant her dower, and asks for the appointment of commissioners to allot the same.

She further stated, that she was willing to give back to the estate all the personal property, absolutely bequeathed to her by the will; that the slaves she could not restore, if required to do so, on account of their recent emancipation. That, if required to return the personal property and to account for that which she had converted into other property, she should be allowed an abatement to the extent of the property exempt from execution and one year's allowance of provisions.

The court decreed that appellant was barred of any right of dower in the general landed estate of Starkey Collins, by reason of her failure to renounce, under the will, within six months; that she cannot hold the lands specifically devised to her, because they are required to pay debts; that *all the lands* should be sold, and the cross-bill and petition for dower dismissed.

From this decree an appeal was taken.

*A. P. Hill,* for appellant, cited *Snellgrove* v. *Snellgrove,* 4 Dessausure's Equity R. 274–300; Rev. Code, 469, article 170.

*J. W. Downs,* for appellee, cited Rev. Code, 468, article 159.

HANDY, C. J., delivered the opinion of the court.

The appellee, as executor of Starkey Collins, filed his petition in the Court of Probates, for the sale of all the lands of the testator for the payment of his debts, alleging that the personal estate was insufficient. The appellant, the widow, answered the petition, and stated that the testator died in the fall of 1859, and by his will bequeathed to her a life estate in six slaves, and an absolute title to certain other personal property, and a life estate in six hundred and forty acres of land; that she did not renounce the will within six months, and is content with its

Collins *v.* Melton.

provisions, if not disturbed in the possession of the property; but the estate has since become insolvent, by reason of the war and of the emancipation of the slaves. The answer is made a cross-petition, and prays either that the court will refuse to order the sale of the lands devised to her, or, if ordered to be sold, that she may be allotted her dower in the lands generally of her husband; and states that she is willing to give back to the estate such of the personal property as was left to her in the will and is now in her possession, and to make up the deficit of such of it as she has parted with, except the slaves, all of which have been emancipated. On the hearing, the court, being of opinion that she was barred of her claim of dower by not having renounced the will, decreed all the lands to be sold for the payment of the debts of the estate. It appears, by the record, that it was shown on the hearing, that the appellant was the widow of the testator; that he died in 1859, seized of the lands devised to her in the will, which embraced the dwelling-house and outhouses attached to the residence of the testator at his death; and that the estate was amply sufficient to pay its debts, but was rendered insolvent by the war. From this decree, the widow took this appeal.

The sole question presented is, whether the widow is barred of her dower by having failed to renounce the benefits of the will as required by the statute. Rev. Code. 468, article 169.

By the provisions of that statute, the widow, by her failure to renounce the will within the time prescribed, is placed in the same condition that she would have been in, by the general rules of law, if the statute had never been enacted, and if she had elected to accept the devise of the will in lieu of her dower. Her failure to renounce amounts, under the statute, to an election to take under the will, but to no more. Testing her rights, therefore, by the principles that would have governed them, in case of a positive election by her, in the absence of the statute, she would not have been bound by such election, if it subsequently turned out that it was made under a mistake, and that she failed to obtain by the will the benefit of · the provisions made in her behalf. 2. Story's Eq. Ju., section 1098; *Kidney*

v. *Coussmaker*, 12 Ves. 136; *Wake* v. *Wake*, 1 Ib. 335; *Snelgrove* v. *Snelgrove*, 4 Dessaus. 296, 300.

Here it is plain, that the failure to renounce was under the belief, then to all appearance well founded, that the estate was amply sufficient to pay the debts, and that she would enjoy the full benefit of the testator's bounty under the will; and that she has lost this benefit without any laches on her part. And, on general principles of equity, she would be entitled to repudiate her election, and to be restored to her rights apart from the will.

This equitable rule is clearly recognized by our statute, Rev. Code, 469, article 170, in these words, " But if, in effect, nothing shall pass by such devise, she shall not be barred thereby, whether she shall or shall not renounce as aforesaid; it being the intent of this act, and consonant to justice, that a widow accepting or abiding by a devise in lieu of her legal right, shall be considered as a purchaser for a fair consideration."

When, therefore, without fault on her part, she obtains nothing by the devise, her right of dower is not concluded by her acceptance of the will; and she will be entitled to her dower in her husband's real estate.

It does not fully appear, by the record, whether any part of the personalty of the estate has been *allotted* to her as her portion of the estate. If there has been such property allotted to her, she is required to restore it to the estate; and she is also chargeable with any of the property which has come to her possession, and which she has converted to her own use, whether the same has been allotted to her or not, in due form of law.

It follows, that the decree must be reversed, and the cause remanded to the court below, to be proceeded with according to the principles herein stated.