CAIN *et al. v.* BARNWELL.

[87 South. 481, No. 21286.]

DESCENT AND DISTRIBUTION. *Husband, not provided for in will, held entitled to undivided one-half interest in homestead lands devised by wife.*

Where a husband of a testatrix did not possess a separate estate at the death of his wife, who devised lands constituting the exempt homestead of both, and where there is no provision for the husband in the will, and there are no children nor descendants of such, the husband is, under section 5087, Code of 1906 (section 3375, Hemingway's Code), entitled to an undivided one-half interest in the lands devised, and this right of the surviving husband is not affected or defeated by the fact that decedent was partially intestate, and that the property not disposed of by the will, and which under the laws of descent passed to the husband as sole heir, constituted, in value, more than one-half of the entire estate of decedent.

APPEAL from chancery court of Jackson county.

HON. W. M. DENNY, JR., Chancellor.

Suit by E. B. Barnwell against W. M. Cain and others. Decree for complainant, and defendants appeal. Affirmed.

*J. C. Broom,* for appellant.

Counsel for appellee in their brief argue that the decision of the court on the former appeal of this case, *Cain et al. v. Barnwell,* 120 Miss. 209, 82 So. 65, will decide the case on this appeal. Apparently, they do not realize the difference in the records on the two appeals. The first appeal was from the decree of the chancery court, overruling the demurrer to the bill. So that the record then consisted only of the bill and the demurrer. Under the rules of pleading the averments of the bill, for that consideration, were taken as true. In the present appeal the record consists of not only the bill and the demurrer, but in addition, the answer and cross-bill by defendants in the

chancery court with exhibits thereto, the answer to the cross-bill and the agreed statement of facts. Counsel relies upon certain statements in the opinion delivered in the case on the former appeal to sustain their argument that the decision then made by the court decides in favor of appellee the question of his right to an undivided one-half interest in the lands devised by Mrs. Barnwell to appellants, her nephews. We find the following in the opinion relative to the appellee's rights to such interest:

"There is an alternative prayer in the bill, that, if the court should hold that the will is good and valid the complainant should be adjudged the owner of an undivided one-half interest in the lands devised; that the appellee did not possess a separate estate at the time of the death of his wife, and under our statutes, there being no provision whatever in the will for the husband, appellee is entitled to be awarded an undivided interest in the lands sued for." *Cain* v. *Barnwell,* 120 Miss. 225.

There is no provision in the will for the surviving husband and under the averments of the bill, section 5087, Code of 1906, section 3375, Hemingway's Code, applies, the surviving husband as complainant relies upon his statutory rights, and by an alternative prayer in the bill asks that he be declared and adjudged the owner of an undivided one-half of the property described and sued for. Under the averments of the bill he is entitled to this relief, and for that reason the demurrer was properly overruled. *Cain* v. *Barnwell,* 120 Miss. 232.

We call the court's particular attention to the statement in the opinion that: "Under the averments of the bill, appellee is entitled to an interest in the land. We also direct the court's attention especially to the following statement in the opinion: "The land, apparently, was the only property owned by the testatrix and is the only property mentioned or devised in the will."

The court will notice upon examination of the cases as reported 120 Miss. 209, that the chief question for decision then was the revocation of the will. It will be noted

that the arguments and the opinion of the court were largely addressed to this question, and the other questions raised were but little discussed. After the decision of the main question, the court briefly disposed of the other points raised. It will be seen that the decision of the court would have been that the chancery court erred in overruling the demurrer, had it not been that under the averments of the bill, appellee was apparently entitled to an interest in the land.

Now the court when rendering the decision on the first appeal understood that the land devised in the will was the only property owned by testatrix. The facts in the record of the present appeal show that Mrs. Barnwell owned considerable other property in addition to the land devised to her nephews, which consists of about one hundred and thirty-six acres. It is shown that she owned other land, approximately four hundred acres in amount and money and other personal property shown by inventory in the sum of two thousand one hundred dollars, and other personal property such as cattle, horses, furniture, farming implements, etc.

The situation now presented to the court is that Mrs. Barnwell by her will made a specific devise of certain land, a part of her estate. This part is much less than one-half of her estate. She died intestate as to the remaining property owned by her.

Now, appellee, the husband of testatrix, in his bill attacking the will and claiming that it was revoked and in the concluding part of the bill made an alternate prayer asking that if the court should hold the will valid, he should be adjudged an owner of one-half interest in the property. Thus, he elected to claim the right to share in the estate of his deceased wife, under section 5087, Code of 1906, section 3375, Hemingway's Code, as in the case of unsatisfactory provision in the will as provided in section 5086, Code of 1906, section 3374, Hemingway's Code. The chancery court upon the last hearing of the case on which the present appeal is based, decided that he had the

right to share with the appellants in the land given them by the specific devise, he taking one undivided half.

This decision in favor of appellee is error. We are assured that the above statement of the former appeal in the case shows beyond question that the supreme court did not so decide, for the court did not then have knowledge that a large part of the estate was not disposed of by will. This makes an entirely different question for decision.

The case presented in this appeal is unusual. We find that in the cases involving the question, which have been decided by the court in the past, all of the estate of the deceased spouse was disposed of by the will. In this case there is a specific devise of less than one-half of testatrix's estate. We now refer especially to the argument made by counsel for appellants in the brief in chief with reference to the right of the appellee to receive one-half of the property devised in such cases as that now before the court where the entire estate was not disposed of, and where that disposed of by the will is less than one-half which the surviving spouse would receive and the argument that the testatrix gave the land to her nephews, and that the court will respect and uphold, as far as possible, her wishes and particularly so, where it will not violate the law or public policy and will work no injury or loss upon the appellee, the surviving spouse.

Appellants in their cross-bill sought to have the chancery court decide the question as to the effect of appellee's election to disregard the will of his deceased wife, and take under the statutes. Whether or not in such case he would be entitled to only one-half of all of the property left by his wife, not only that devised but also that which was not disposed of by will. Appellee's counsel in their brief contend that all that is involved in this controversy and the only property owned by Mrs. Barnwell with which appellants are concerned is the property described in the will. They appear to be opposed to the court's deciding the question generally as to appellee's right to property owned by his deceased wife in the present situation arising

from his having elected to claim under the statute. In our view, the court will necessarily have to render a decision in dealing with the entire situation and appellant's right generally. We refer to the argument in the brief in chief relative to this. We do not see how the court can render its decision in this case without dealing with the entire matter of 'appellee's rights to property left by his wife. Surely, the chancery court erred in giving appellee half interest in the land involved if he is also entitled to all of the remaining estate owned by his wife. We most earnestly ask the court's very careful consideration of the entire situation.

We note the reference, by counsel for appellee, to the case of *Gordon* v. *James*, 86 Miss. 719, 39 So. 18, and their reliance upon the decision therein to sustain their contention that appellee is entitled to one-half interest in the land devised. We note in that case that all of the property of testator's estate was dealt with by the will and there was a general residuary clause. So, it will be seen that the facts therein are different from the facts in this case. Because all of the estate was disposed of by the will, the court could therein very properly decide that the surviving spouse, upon the renunciation of the will, became a cotenant with each devisee in each and every part of real estate devised. But in this case, the estate generally, was not disposed of and the question herein for decision is very different from that in the case referred to. We cannot see therefore that it is authority for the present case, nor can we see anything in the later case cited, *Williams* v. *Williams*, 111 Miss. 129, 71 So. 300, to support their contention.

The language of the statutes giving the surviving spouse the right to renounce when satisfactory provision is not made in the will and to elect to claim under the statute when no provision is made, is simple and clear. The person claiming shall in no case be entitled to more than one-half of the estate. We now refer to the argument in the brief in chief for appellants with reference to ap-

pellee's right to elect to take under the statute and in effect renounce the will in this case.

The chancellor sets forth very fully the facts of the case and his holdings in the final decree from which the present appeal is prosecuted, the ownership by the testatrix of the other property besides that devised is shown and likewise that she left a brother and three sisters. In short, all facts necessary to be known are shown in order that the court could decide and by decree settle all questions relating to the right of the appellee in the estate left by his wife. We claim that it was error for the court not to do so.

We respectfully ask that this case be reversed.

*Denny & Heidleberg,* for appellee.

The only matter in controversy to be determined on this appeal is: whether or not appellee is entitled to an undivided one-half interest in the lands described and bequeathed by the will of Mrs. L. C. Barnwell, deceased, to appellants?

Section 5087, Code of 1906, section 3375, Hemingway's Code provides: "If the will of the husband or wife shall not make any provision for the other, the survivor of them shall have the right to share in the estate of the deceased husband or wife, as in case of unsatisfactory provision in the will of the husband or wife, for the other of them; and in such case a renunciation of the will shall not be necessary but the rights of the survivor shall be as if the will had contained a provision that was unsatisfactory, and it had been renounced."

Section 5086, Code of 1906, section 3374, Hemingway's Code, provides: "When a husband makes his last will and testament and does not make satisfactory provisions therein for his wife, she may, at any time within six months after the probate of the will, file in the office where probated a renunciation to the following effect, viz.: "I, A. B., the widow of C. D., hereby renounce the provisions

made for me by the will of my deceased husband and elect
to take in lieu thereof my legal share of his estate,' and
thereupon she shall be entitled to such part of his estate,
real and personal, as she would have been entitled to if
he had died intestate, except that, even if the husband
left no child nor descendant of such, the widow, upon re-
nouncing, shall be entitled to only one-half of the real and
personal estate of her deceased husband.    The husband
may renounce the will of his deceased wife under the same
circumstances, in the same time and manner, and with
the same effect upon his right to share in her estate, as
herein provided for the widow."

Every allegation of the bill necessary to bring the case
within the statute above quoted has been sustained by
admission and by proof, therefore, we assert with the ut-
most confidence that appellee is entitled to the relief
sought in the alternative in and by his bill, and that the
decree of the chancery court should be affirmed.    In *Cain
et al* v. *Barnwell*, 82 So. 65, is the statement of this court
that under the averments of this bill section 5086, Code
of 1906, section 3375, Hemingway's Code applies.    The
surviving husband, as complainant, relies upon his stat-
utory rights and by an alternative prayer in the bill asks
that he be declared and adjudged the owner of an undi-
vided one-half of the property described and sued for.    Un-
der the averments of the bill he is entitled to this relief,
and for that reason the demurrer is properly overruled."
That decision, referring to the very matter, and the only
matter in controversy, here is conclusive.

It settles all possible doubt as to the rights of appellee
to the land described in the will of Mrs. Barnwell, and
also in the bill of complaint, because the averments of
the bill have been fully sustained by the proof.    *Gordon* v.
*James,* 86 Miss. 799, 39 So. 18, is further authority for the
correctness of our contention that appellee should be ad-
judged the owner of an undivided one-half of the land de-
scribed in said will and bill of complaint.

And the court in *Gordon* v. *James,* held that, in such case, the surviving spouse becomes a cotenant with each devisee, and owns a cotenant's half interest, in each and every parcel of real estate specifically devised by the deceased spouse; that the statute is intended to secure to the surviving husband or wife the right to stand upon the law and participate in the estate of the deceased spouse whether such deceased spouse were willing or not. That a husband or wife shall not have the power to deprive the survivor of a just and proper share of an estate which he or she may have aided in building up. Mrs. Barnwell executed her will subject to the laws in force when it would take effect, and therefore, her devisees, appellants, cannot complain. She might have given appellants nothing and they would have been without remedy. Not so with appellee. His right is fixed by law, and is paramount at his option

In *Williams* v. *Williams,* 111 Miss. 129, 71 So. 399, holds in substance, to the doctrine announced in *Gordon* v. *James, supra.* In view of what is set forth in the authorities above cited, and also of the statute itself, we are at a loss to understand upon what reasoning appellants reach the conclusion that said statute has no application to the case at bar. Counsel for appellants, in his brief, states that a reversal is sought, or that he proceeds on the theory that inasmuch as the value of the land devised to appellants by Mrs. Barnwell is less than half the value of her whole estate appellee cannot renounce the will; that the right of a surviving husband to renounce the will of his deceased wife is dependent upon whether or not, by the terms of the will, he has been denied one-half of the estate both real and personal. Such theory, or construction of the statute, cannot be based upon reason or authority. It is at variance with the construction put upon the statute by this court in the above cited cases.

Another and equally startling assertion of appellants attracts attention, but fails to carry conviction. It is that the statute designates what is an unsatisfactory provision

in a will or that, under the statute, a surviving husband is denied the privilege of renouncing the will of his deceased wife in all instances where he receives one-half or more of the estate. For answer to this proposition we merely refer to the statute itself and to the above cited authorities. Appellants then say that if they are mistaken in this view of the survivor's right to determine for himself what is an unsatisfactory provision in a will of his deceased wife, and also of any statutory prohibition against the right of a surviving husband to renounce the will when he receives one-half or more of the estate, then and inasmuch as Mrs. Barnwell is survived by several brothers and sisters, and left property not mentioned in the will, such brothers and sisters, that is, the mother, brother and aunts of appellants, should be adjudged part owners of such property.

The expression of this court in *Gordon* v. *James,* 86 Miss. 799, 39 So. 18, that in such cases, the surviving spouse becomes a cotenant with each devisee, and owns half interest in each and every parcel of real estate specifically devised by the deceased spouse, settles the only matter in controversy here beyond doubt, aside from the other authorities cited above, which are equally clear, strong and conclusive.

Therefore, appellee confidently prays and believes that the decree of the chancery court from which this appeal is taken will be affirmed.

W. H. COOK, J., delivered the opinion of the court.

Appellee, E. B. Barnwell, exhibited his bill of complaint in the chancery court of Jackson county against W. M. Cain, J. B. Cain, and C. E. Cain, appellants, praying that a certain document, purporting to be the last will and testament of Mrs. Louise C. Barnwell, deceased, which had been admitted to probate by the chancery clerk, be declared null and void, and praying for the cancellation of a certain deed executed by testatrix to appellants, or, in the

alternative, if the court shall hold that the will was valid, that complainant should be adjudged the owner of an undivided one-half interest in the lands devised.

It appears from the allegations of the bill that appellee is the surviving husband of the testatrix, Mrs. Louise C. Barnwell, and that appellants are her nephews; that on October 9, 1916, she executed her will devising to appellants certain lands occupied by her as a homestead and particularly described in the bill; that, soon after she made this will, she executed and delivered to appellants a deed of conveyance for the same lands devised in the will. The bill charges that this conveyance, made subsequent to the will, was a revocation thereof, and for that reason the probate of the will in common form should be set aside and the will declared revoked. It is also charged that the lands conveyed constituted the exempt homestead of appellee and his wife, the testatrix; that the deed was void, because appellee, as the husband, did not sign the same; that the appellee did not possess a separate estate at the time of the death of his wife, and under our statutes, there being no provision whatever in the will for the husband, appellee is entitled to be awarded an undivided interest in the land if the will is held to be valid. There was a demurrer to the bill, and from a decree overruling the demurrer an appeal was prosecuted to this court.

The opinion on the former appeal is reported in 120 Miss. 209, 82 So. 65, and the court there held that the deed of conveyance executed by testatrix to appellants was void, and that appellee was entitled to a cancellation thereof; that the will was not revoked by this void conveyance; that the will sufficiently described the lands devised and was valid; that under the averments of the bill the surviving husband "was entitled to be declared and adjudged the owner of an undivided one-half of the property described and sued for," and the cause was affirmed and remanded for further proceedings in accordance with the holdings therein announced.

On the former appeal it did not appear from the record that the testatrix owned any property except that devised and mentioned in the will, and the court there said that the land devised was apparently all the property owned by testatrix; but, when the cause was remanded, appellants filed an answer and cross-bill averring that the testatrix, at the date of her death, owned other real and personal property which was not mentioned or devised in her will, and that, in value, the property not devised was largely in excess of one-half of her entire estate, and denying the right of appellee to be adjudged the owner of a half interest in the lands devised for the reason that, since the testatrix died intestate as to more than one-half of her estate, and appellee, as sole heir of testatrix, inherited this property, his statutory right to one-half of the realty devised was thereby defeated. The cross-bill also sought to recover rent for the devised premises, but since all claims for improvements in the original bill, and for rent in the cross-bill, have now been abandoned, these allegations are not here material.

At the next term of the chancery court the cause was set down for final hearing, by agreement of the parties, upon the bill of complaint, answer, and cross-bill, answer to cross-bill, and an agreed statement of facts; the parts of the agreed statement of facts which are material to an understanding of the question here presented for decision being as follows:

"In view of the fact that, on the recent appeal of this cause to the supreme court, it was held by said supreme court that the instrument of writing purporting to be the last will and testament of Mrs. Louise C. Barnwell, deceased, involved in litigation herein, is the true last will and testament of said decedent, and that the legatees therein and defendants herein are the owners of the land described in said will and in the original bill of complaint in this cause, unless the complainant herein is entitled to one-half of said land under the provisions of the statute pertaining to wills where no provision is made for the sur-

viving husband, namely, section 5087, Code of 1906 (section 3375, Hemingway's Code) ; therefore, and that the question of whether or not the complainant is entitled to an undivided one-half interest in said land, or whether or not the defendants are entitled to all of said land, and to obviate the necessity of taking testimony, it is hereby agreed that the following statements are the facts in the case, and that same may be submitted as facts and the testimony in the case to be considered by the court on the hearing hereof :

"First.   That the said Mrs. L. C. Barnwell made no provision whatever in her said last will for complainant, E. B. Barnwell, and made no disposition of any property owned by her other than the land described in the will and bequeathed to the defendants herein.

"Second.   That complainant, E. B. Barnwell, is the surviving husband of the said Mrs. Louise C. Barnwell, deceased, and that said decedent left no child nor descendant of such child, and consequently under the statute of descent and distribution the said E. B. Barnwell is the sole and only heir at law of his said wife.

"Third.   That at the time of the death of the said Mrs. L. C. Barnwell she owned other property, real and personal, and as is shown by the inventory in the administration of her estate in this court and the answer and cross-bill of defendants to bill, and which said property was not mentioned nor disposed of in and by said last will and testament.

"Fourth.   That at the date of the death of the said Mrs. L. C. Barnwell complainant, E. B. Barnwell, had no separate estate and owned no property.

"Sixth.   That several brothers and sisters of the said Mrs. L. C. Barnwell survived her and are still living, and that the defendants herein are nephews of the said decedent and sons of Mrs. Nettie Cain, a sister of the said Mrs. L. C. Barnwell, and which said Mrs. Cain is still and now living in said Jackson county.

"Seventh. That the said E. B. Barnwell, complainant, has paid the state and county taxes on the land described in said will and the pleadings in this cause for the years 1916, 1917, 1918, and 1919, amounting in the aggregate to thirty-nine dollars and sixty-eight cents."

On the trial of the cause a decree was rendered, canceling the deed of conveyance to appellants, and recognizing and establishing the will as the true and valid last will and testament of Mrs. L. C. Barnwell, deceased, and decreeing that, under the provisions of the statute, appellee was the owner in fee simple of an undivided one-half interest in the lands devised, and that appellants, under the provisions of the will, were the owners of an undivided one-half interest in said lands, and that appellee was entitled to be reimbursed for one-half of the taxes paid by him on said premises, and from this decree the present appeal is prosecuted.

The sole question for decision is whether, under the facts as now presented, appellee's statutory right to claim an interest in the devised property is defeated. Counsel for appellants contend that, inasmuch as the value of the land devised to appellants is less than one-half of the whole estate of testatrix, appellee cannot claim the statutory interest in the devised lands, or, to state it in another way, in case the surviving husband has no separate estate, and there is no provision for him in the will of his deceased wife, and there is no surviving child nor descendant of such, his right to claim an interest or share in the devised property is dependent upon whether or not, by the terms of the will, he has been deprived of one-half of the entire estate, both real and personal.

Counsel have failed to refer us to any case, and we have been unable to find any, in which the courts of this state have adjudicated the exact question here presented, and we must therefore look solely to the statutory provisions for guidance in reaching our conclusions. Section 5086, Code of 1906 (section 3374, Hemingway's Code), provides that when a husband makes his last will and testament,

and does not make satisfactory provision for his wife, she may, at any time within six months after the probate of the will, renounce the will, and she shall then be entitled to such part of his estate, real and personal, as she would have been entitled to if he had died intestate, except that, even if the husband left no child nor descendant of such the widow, upon renouncing, shall be entitled to only one-half of the real and personal estate of her deceased hus- band, and that a husband may renounce the will of his deceased wife under the same circumstances, in the same time and manner, and with the same effect upon his right to share in her estate, as therein provided for the widow.

If there is no provision for the other in the will of the husband or wife, and the survivor have no separate es- tate, the right of the survivor to share in the estate of a deceased husband or wife is found in section 5087, Code of 1906 (Hemingway's Code, section 3375), which is as fol- lows:

"If the will of the husband or wife shall not make any provision for the other, the survivor of them shall have the right to share in the estate of the deceased husband or wife, as in case of unsatisfactory provision in the will of the husband or wife, for the other of them; and in such case a renunciation of the will shall not be necessary, but the rights of the survivor shall be as if the will had con- tained a provision that was unsatisfactory, and it had been renounced."

Under section 5086, Code of 1906 (Hemingway's Code, section 3374), the right of the surviving husband or wife to determine for himself what constitutes an unsatis- factory provision in the will of the deceased husband or wife is without restriction or limitation, and when the survivor has elected to renounce the will of the deceased husband or wife, under the provisions of this section, the decedent, so far as the survivor's rights are concerned, be- comes intestate, and the rights of the survivor are such as would exist in case of total intestacy, subject only to the limitation that in no case shall the survivor take against

the will a greater share than one-half of the devised property.

Under the provisions of section 5087, Code of 1906 (Hemingway's Code, section 3375), the survivor, who has no separate estate, and for whom no provision is made in the will of the deceased husband or wife, is placed in the exact position of one who has renounced a will containing unsatisfactory provisions for the survivor, and, by virtue of the terms of the statute, such survivor may elect to share in the estate of the deceased husband and wife as in case of unsatisfactory provision in the will, and we do not conceive that, under the provisions of this section, the right of the survivor to elect to share in the estate of the deceased husband or wife is in any respect dependent upon the caprice, desire, or will of the decedent. · The language of the statute is plain and positive, and under its terms the survivor is guaranteed the absolute right, at his or her option, to share in the entire estate, and this right is paramount to the rights of devisees under the will. This statute is in effect a limitation upon the right of the husband or wife to dispose of his or her property by will, and every will of a husband or wife is executed subject to the statutory right of the survivor to renounce it in case of unsatisfactory provision, or to claim the statutory share or interest in the devised property in case there is no provision for the survivor, and this statutory right of renunciation or election, as the case may be, is not affected or defeated by the fact that decedent was partially intestate, and that under the laws of descent and distribution other property was cast upon the survivor as the sole heir of decedent.

We conclude, therefore, that, since appellee has elected to stand upon his statutory rights and claim an interest in the devised lands, he is entitled to be adjudged and decreed to be the owner of an undivided one-half interest in the lands described in the bill and the decree, and therefore the decree of the learned chancellor is affirmed.

*Affirmed.*