WILSON *et al.* *v.* WILSON *et al.*

(Division B. March 27, 1933.)

[146 So. 855. No. 30490.]

**E. B. Patterson** and **C. E. Gibson,** both of Monticello, for appellants.

G. **Wood Magee**, of Monticello, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Appellees, Geo. Wilson and two others, sons of Geo. W. Wilson, deceased, filed their bill against their mother, Mary Jane Wilson, and against C. E. Wilson, another brother, and also against Louis Jones. Appellees complained that Geo. W. Wilson had died intestate and that their mother and said other brother had taken complete charge of all the land and other property of the decedent and were collecting from the defendant Jones payments for property sold to Jones by Wilson, Sr., before his death. Demand was made in the bill for a partition so that the three complainants should receive their respective portions of the property, including their shares in the collections made from Jones. It appears from the allegations of the bill that there are six or seven other children of the decedent and the widow, Mary Jane Wilson, but these seven children are not made parties to the bill. Under the general rule in respect to parties to land suits, as well as under section 2921, Code 1930, that "all persons in interest must be made parties" in suits for partition, the court could and should have refused to proceed under the bill because all necessary parties to a complete final decree which would terminate the entire controversy were not before him.

This was overlooked by the court for the reason perhaps that the stated defendants did not raise the point. The stated defendants filed their answer in which they averred that Geo. W. Wilson had, before his death, executed a will, all in proper legal form, by which he devised and bequeathed unto his wife, Mary Jane Wilson, all his property real and personal; that after the death of the testator the said will was duly probated in common form on the 17th day of October, 1927; and that there was no caveat against or contest upon this will or its probate and that the first attack made thereon was

by the bill filed by appellees aforesaid on July 11, 1931, nearly four years after the probate, and that even in the bill aforesaid no mention was made of said will.

Upon the coming in of appellants' answers, the complainants filed what was termed by them "a reply to defendants' plea"—in other words, a replication. For more than fifty years replications to answers have been abolished by our Codes, see section 388, Code 1930, and historical annotations thereunder, and under chapter 151, Laws 1924, pleas in chancery have also been abolished, section 379, Code 1930. What appellees should have done was to amend their bill. But no point was made on the irregular procedure; the defendants demurred to the replication, and the chancellor, in his opinion, treated the said reply as an amendment to the bill, and considered the demurrer as a demurrer to the bill as amended. In this amended bill appellees averred that at the time of the execution of the will relied upon by the appellants, the testator was of unsound mind and incapable of making a will; that this fact was well known to the devisee and legatee therein; that before the expiration of the two years following the probation in common form of the will the widow, the devisee and legatee, assured the complainants that she was fully aware of the invalidity of the will for the reasons aforesaid, but that if no protest or contest against the will were made, she would in due time make a division of the property by deed or delivery. That appellees relied on this assurance of their mother and entered no contest against the will, but after the two years had expired, she informed them that she had changed her mind and would hold the property under the will and under the probate thereof. Appellees averred as their conclusion from the facts aforesaid that appellant Mrs. Wilson, the widow, had been guilty of concealed fraud, or at least would be estopped to hold onto her present position. Section 1609, Code 1930,

which has been the law in this state for generations, provides as follows: "Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not; but if some person do not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities; but in case of concealed fraud the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered."

It will appear that only two exceptions are contained in that statute, which, after two years, would avoid the force of a probate in common form thereunder; the first exception being in favor of infants and persons of unsound mind, and the other, concealed fraud. It is not averred that any of the parties are infants or are of unsound mind, but appellees say that we have here a case of concealed fraud on the part of the widow; that she made a fraudulent promise or representation of purpose and kept that fraud concealed, and after two years repudiated the promise. But the appellees knew all along within the two years all the facts which, if true as facts, would have avoided the will. "Concealed fraud is a case of a designed fraud by which a party knowing to whom the right belongs, conceals the circumstances giving that right and by means of concealment enables himself to enter and hold." 12 C. J. 375. The substantive circumstances upon which appellees rely were known to them and were therefore not concealed from them. So that the exceptions mentioned in the statute are not shown by appellees.

Appellees contend, however, that Mrs. Wilson is now estopped by her representations to plead the statute of limitations against a contest upon the probate of the will. There is an abundance of cases holding that under certain circumstances a party may be estopped to plead the statute of limitations. But the statute here in question is more than a mere statute of limitations; moreover, it contains within its own terms those exceptions by which it may be avoided, and the general rule is that when such a statute sets up its own exceptions this will exclude others sought to be imported therein. 25 R. C. L. 983; 59 C. J., p. 1092.

Reversed, and bill dismissed.