PATTERSON, Justice:
Pleas Bullock appeals from a decree of the Chancery Court of Rankin County which dismissed his petition to renounce the will of his wife and claim under the law. He is the surviving spouse of Bettie Bullock who died without issue. By her will Bettie devised forty acres of land, her entire estate, to her nephew and his wife. No provision was made for the appellant in the will.
The will was admitted to probate in common form on June 27, 1967, and letters of administration granted to Carrie Mae Lewis, CTA. This administration was found to be proper and the estate was closed on January 27, 1968. The appellant had no legal notice of any of these proceedings.
About thirteen months after the will was admitted for probate the appellant filed his petition to renounce the will of his wife, alleging that no provision had been made in the will for him and that under the provisions of the statutes of the State of Mississippi he was entitled to one-half of the assets of the estate since he owned no separate estate at the time of his wife’s death.
The devisees and the administratrix responded to the petition by moving that it be stricken because it was not filed within six months from the probate of the will as required by Mississippi Code 1942 Annotated section 668 (1956). This motion was sustained by the trial court resulting in this appeal. We reverse.
Mississippi Code 1942 Annotated section 668 (1956) makes provision for the renunciation of a will when a husband or wife “does not make satisfactory provision therein” for the other. The renunciation must be made within six months after the probate of the will. In Ex parte Moore, 8 Miss. (7 Howard) 665 (1843), this Court held the six months period begins to run from the date the will is admitted to probate. Appellant’s attempt, therefore, to renounce the will under Section 668 was ineffectual and if only this section were involved, would terminate the matter. However, the appellant claims the benefit of Mississippi Code 1942 Annotated section 669 (1956), (a companion statute to Section 668) which delineates the rights of a surviving spouse when no provision is made in the will for the survivor by the testator. Its terms are as follows:
If the will of the husband or wife shall not make any provision for the other, the survivor of them shall have the right to share in the estate of the deceased husband or wife, as in case of unsatisfactory provision in the will of the husband or wife, for the other of them; and in such case a renunciation of the will shall not be necessary, but the rights of the survivor shoill be as if the will had contained a provision that was *927 unsatisfactory, and it had been renounced. (Emphasis added.)
We think the legislative intent is apparent from the language of this statute and that no affirmative renunciation of the will is necessary under Section 669 by a surviving spouse to obtain its benefits. The terms of the statute place the appellant in the position of one who has renounced an unsatisfactory provision in the will. The statute lends itself to no other interpretation. See Cain v. Barnwell, 125 Miss. 123, 87 So. 481 (1921).
The will having been renounced by operation of law, the appellant is entitled to one-half of the estate of Bettie Bullock, his deceased wife.
Reversed and rendered.
ETHRIDGE, C. J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.