GILLESPIE, Presiding Justice:
Mrs. Ivor Agnes Haynes died leaving her husband, A. P. Haynes, and her daughter, Mrs. Mavis Rhea McDaniel McBride, as her heirs at law. Mrs. Haynes died testate, her will providing as follows:
I hereby give, devise and bequeath to my daughter, Mrs. Mavis Rhea McDaniel McBride, all of the property that I may own at the time of my death, real, personal and mixed, wheresoever located.
My husband, A. P. Haynes, to whom I am very devoted, owns more property than I and has ample income from said property. Because of his wealth, income and his previous contributions, distributions and conveyances to his children, I have made no provision for him in this will.
However, it is my wish that my husband live with my daughter after my death. This is merely a wish and is in no way to be construed as binding my daughter or my husband and is not to be a charge against my Estate.
A. P. Haynes died three weeks after the death of his wife. He did not renounce his wife’s will or take any affirmative action with reference thereto before his death. About three months after the death of A. P. Haynes, the Administrator With the Will Annexed of his Estate (hereinafter Husband’s Estate) filed a petition in the estate proceedings of Mrs. Ivor Agnes Haynes praying for the following relief:
(a) To adjudicate that the rights of the Estate of A. P. Haynes and the administrator thereof are the same as if the will of Mrs. Ivor Agnes Haynes had been renounced by A. P. Haynes.
*130 (b) The appointment of commissioners to ascertain the valuation of the estate of Mrs. Ivor Agnes Haynes and the Estate of A. P. Haynes; and
(c) An order for the Estate of A. P. Haynes to share in the real and personal estate of Mrs. Ivor Agnes Haynes in accordance with Mississippi Code 1942 Annotated, Section 670.
The Executrix of the Estate of Mrs. Ivor Agnes Haynes (Wife’s Estate) filed a demurrer to the petition which was overruled by the trial court. The trial court allowed an interlocutory appeal to settle the controlling principles involved in the case. Mississippi Code 1942 Annotated, Section 1148 (1956). The petition averred, and the demurrer admitted, that the separate property of A. P. Haynes was not equal to his lawful portion of the estate of his deceased wife.
Mississippi Code 1942 Annotated, Sections 668, 669 and 670 (1956), are as follows:
§ 668. Right to renounce will in certain cases.
When a husband makes his last will and testament, and does not make satisfactory provision therein for his wife, she may, at any time within six months after the probate of the will, file in the office where probated a renunciation to the following effect, viz.: “I, AB, the widow of CD, hereby renounce the provision made for me by the will of my deceased husband, and elect to take in lieu thereof my legal share of his estate;” and thereupon she shall be entitled to such part of his estate, real and personal, as she would have been entitled to if he had died intestate, except that, even if the husband left no child nor descendant of such, the widow, upon renouncing, shall be entitled to only one-half of the real and personal estate of her deceased husband. The husband may renounce the will of his deceased wife under the same circumstances, in the same time and manner, and with the same effect upon his right to share in her estate, as herein provided for the widow.
§ 669. Effect of no provision for husband or wife.
If the will of the husband or wife shall not make any provision for the other, the survivor of them shall have the right to share in the estate of the deceased husband or wife, as in case of unsatisfactory provision in the will of the husband or wife, for the other of them; and in such case a renunciation of the will shall not be necessary, but the rights of the survivor shall be as if the will had contained a provision that was unsatisfactory and it had been renounced.
§ 670. Where wife or husband has a separate estate.
In case the wife have a separate property at the time of the death of her husband, equal in value to what would be her lawful portion of her husband’s real and personal estate, and he have made a will, she shall not be at liberty to signify her dissent to the will, or to renounce any provision or bequest therein in her favor, and elect to take her portion of his estate. But if her separate property be not equal in value to what would be the value of her portion of her husband’s estate, then she may signify her dissent to the will, as in other cases provided by law, and claim to have the deficiency made up to her, notwithstanding the will; * * * This section shall apply to a husband renouncing the will of his wife, and shall govern as to his right to share in her estate in such case.
The question is: Does the estate of the deceased husband have the right to share in the estate of the predeceased wife as a matter of law when the wife’s will made no provision for the husband, and the husband died without taking any affirmative action to claim an interest in the wife’s estate? We answer affirmatively.
*131 The argument on behalf of Wife’s Estate is that the purpose of Sections 668, 669 and 670 is to provide for the comfort and support of the surviving spouse and vested in the surviving spouse a personal right to renounce an unsatisfactory provision in the will under Section 668, or to signify his or her dissent to the will when no provision is made for the surviving spouse under Section 669. In support of this argument the Court’s attention is directed to the fact that dower and. curtesy were abolished by the legislature, and at common law both abated with the death of the surviving spouse, and neither survived to his or her personal representative or heirs at law. After dower and curtesy were abolished, the legislature passed certain acts to protect the rights of the surviving spouse by giving a right to take under or against the will of the deceased spouse. In Hoy v. Hoy, 93 Miss. 732, 48 So. 903 (1908), the Court held that the right of renunciation is akin to that of dower. And Mullins v. Mullins, 239 Miss. 751, 125 So.2d 93, 83 A.L.R.2d 1073 (1960), held that the right to renounce under Section 668 is a personal privilege and did not survive to the administrator or heirs at law of the surviving spouse, and the court stated that the right to renounce granted by Section 668 is to promote the economic welfare of the surviving spouse. It is further urged by Wife’s Estate that Sections 668, 669 and 670 are pari materia, and Section 670 provides the background and intent of the legislature in enacting Sections 668, 669; and, moreover, Section 670 requires some definite act to “signify her dissent to the will.”
The argument of Wife’s Estate is forcefully urged and plausibly reasoned. We are of the opinion, however, that Section 669 specifically relieves the surviving spouse from taking any affirmative action and the law automatically renounces the will. In Re Bullock’s Estate, Bullock v. Harper, 239 So.2d 925 (Miss.1970), the Court said:
We think the legislative intent is apparent from the language of this statute and that no affirmative renunciation of the will is necessary under Section 669 by a surviving spouse to obtain its benefits. The terms of the statute place the appellant in the position of one who has renounced an unsatisfactory provision in the will. The statute lends itself to no other interpretation. See Cain v. Barnwell, 125 Miss. 123, 87 So. 481 (1921).
The will having been renounced by operation of law, the appellant is entitled to one-half of the estate of Bettie Bullock, his deceased wife. (239 So.2d at 927).
The statute is too specific to justify frustration of its terms by a process of interpretation. Section 668 provides the precise words to be used in renouncing a will that does not make a satisfactory provision for the surviving spouse, as follows:
I, AB, the widow of CD, hereby renounce the provision made for me by the will of my deceased husband, and elect to take in lieu thereof my legal share of his estate.
Where no provision is made, as in the case at bar, Section 669 provides that “and in such case a renunciation of the will shall not be necessary, but the rights of the survivor shall be as if the will had contained a provision that was unsatisfactory, and it had been renounced.” We hold that the right to take his legal share of his deceased wife’s estate vested in A. P. Haynes as a matter of law, and the right, thus vested, became a part of his estate upon his death.
Affirmed and remanded for further appropriate proceedings.
Affirmed and remanded.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.