360 So.2d 1240 (1978)
Lessie G. RUSH
v.
John C. RUSH, Individually, and as Executor of the Estate of Thomas H. Rush, Sr., and Kathryn Evans and Thomas H. Rush, Jr.
No. 50679.
Supreme Court of Mississippi.
July 26, 1978.
Laurel G. Weir, Philadelphia, for appellant.
Alford, Mars & Thomas, Robert L. Thomas, Philadelphia, for appellee.
Before PATTERSON, C.J., and WALKER and COFER, JJ.
*1241 COFER, Justice, for the Court:
This case is here on appeal from the Chancery Court of Neshoba County.
On May 12, 1975, Thomas H. Rush, Sr. departed this life leaving his widow and three children surviving him. He had on July 7, 1970, executed a purported last will and testament, wherein he left to his wife, the appellant, a "life estate in my dwelling house and 1 1/2 acres of land upon which said dwelling house is located on the west side of Mississippi Highway # 21 in Neshoba County, Mississippi, together with all the household furniture and furnishings located therein. It is my will and direction that she have the quiet and peaceful possession of said property during the balance of her natural life." He gave all of the rest and residue of his property to his three children and named John C. Rush, one of them, executor of the will without bond and without being required to render inventory or appraisement.
The court, in its final decree, adjudicated that the testator owned at his death 27 2/3 acres of land, of which that in which he left a life estate to his widow is a part.
Errors are assigned in the court's sustaining of demurrer to answer and cross bill of appellant, because it stated a cause of action for protection of her homestead rights; in the court's failure to allow her a widow's allowance; and in sustaining the demurrers and dismissing the pleadings "for the many other reasons apparent in the face of the record."
John C. Rush, the executor, caused the instrument to be probated in common form and letters testamentary to be issued to him on May 15, 1975. Notice to creditors was begun on May 22, 1975, and one claim, that for the funeral expenses of decedent, was probated and paid.
The transcript is silent as to any further activity in the estate until the executor filed final account on April 18, 1977. The children are before the court by joinder or waiver. On May 25, 1977, one of the days *1242 of the May, 1977 term of said court, decree was entered setting the final accounting for hearing on June 20, 1977.
Appellee's brief says the widow was summoned by process returnable to the term. Nevertheless, she on June 17, 1977, filed "Answer and Contest of Lessie C. Rush," wherein she denied that a writing had been legally probated as the will of decedent and that decedent left any will, and asserted that he was not mentally competent or capable of making a will when the purported will was allegedly executed and asked for caveat and contest of the will because of the fact that she is decedent's widow and no adequate provisions were therein made for her. She alleged as a part of her answer that, if the will should be held to be valid, she as his widow has a right to renounce, and does renounce, the will, including a formal renunciation thereof as a part of her pleading, and she was lulled into refraining from earlier renunciation because of fraud of the other heirs of the estate through their promising and continuously leading her to believe that she would be given her share of the estate of realty and personalty and that they would care for her and support her the remainder of her life if she would not contest the will, and she relied upon their guarantees, which, she alleged, they had not kept and have no intention of keeping, and because of their fraud and misconduct, she now has a right to renounce said will.
She affirmatively alleged in her answer that, as decedent's widow, she has the homestead right to all of the land owned by deceased at his death and the right to use and to have the exclusive possession thereof.
She included a cross bill making a part thereof all affirmative allegations of her answer and alleged that the decedent did leave a purported will, but was not, at the time, mentally or physically capable of making or of understanding the consequences of the alleged will, and it is void and contest is made of it for this reason as well as on the ground that, by undue influence, the other heirs made the will theirs rather than a reflection of the true intention of the deceased, and "the issue of the validity of the will is first brought into issue as well as the fact that same has never been legally probated or filed according to law." She repeated her renunciation of the will and the reasons for her tardiness as to renouncing. She alleged that, as the widow, she is entitled to be administratrix of the estate and that she is in need of a widow's allowance and solicitor's fee.
She prayed that the will be renounced and declared void, that she be appointed administratrix of the estate and that all property of the estate be placed in her custody and that she be awarded a reasonable widow's allowance as provided by law and for solicitor's fee and general relief.
She made the three children of deceased cross defendants and served a copy of her pleading upon opposing counsel. John C. Rush, one of the cross defendants, filed on his own behalf, a special demurrer to the cross bill and, as executor, filed a general demurrer thereto. The record is silent as to any disposition of the latter pleading.
As grounds for the special demurrer the demurring cross defendant assigned:
1. That the statute of limitations had run on the widow's right to renounce the will before she undertook to do so;
2. The contest of the will was not timely begun and the effort now to do so is barred by the statute; and
3. The will of decedent has been admitted to probate, and the attempt here to contest his mental and/or physical capacity to make a will is not properly formed or initiated.
The chancellor sustained each of the grounds of special demurrer and dismissed the cross bill. In sustaining the demurrer we concur. We are of the opinion that it was error to dismiss the pleading.
Mississippi Code Annotated, section 91-5-25 (1972), authorizes a widow to renounce her husband's will, if not satisfactory to her, within six months after the probate thereof. (Ninety days after the probate of the will after January 1, 1976, Laws of *1243 1975, Chapter 373). The time limitation within which the renunciation is required to be made has evoked only slight expression of this Court. In Ex Parte Delilah Moore, 8 Miss. (7 Howard) 665 (1843), under the Act of 1821, Revised Code p. 40, providing that "a widow shall be barred of her right of dower in lands, or share in the personal estate, etc., unless, within six months after the renunciation or probate of the will, she shall deliver or transmit to the court, where such authentication or probate hath been made, a written renunciation, etc.", it was held that a renunciation on December 28 of a will admitted to probate on the 24th of June preceding was undertaken too late, saying, "It is better therefore to abide by the law as it is written, than to create exceptions without being able to foresee where they may end." 8 Miss. at 668.
It was held in Collins v. Melton, 40 Miss. 242, 245 (1866), that failure of the widow to renounce the will within the time provided therefor amounts to an election on her part to take under the will.
The statute was applied adversely to the surviving spouse, in Estate of Bullock, deceased: Pleas Bullock v. Harper, 239 So.2d 925 (Miss. 1970), where he undertook to renounce his wife's will thirteen months after its probate, but the Supreme Court held him entitled to the same share of the estate to which he would have been entitled had he renounced in timely manner, the will making no provision for him. Section 91-5-27.
We are of the view that appellant, by her failure to renounce the will in six months after its probate, waived her right to do so.
The record concludes any suggestion even that, if her present answer and cross bill may be treated as a contest of the will, such contest was begun within two years of the probate thereof, the time limited therefor under Section 91-7-23. She says that she was lulled into refraining from contesting it, by promises of the testator's children to take care of her and to let her share in the estate.
In Wilson v. Wilson, 166 Miss. 369, 146 So. 855 (1933), wherein there was no concealed fraud, it was alleged the widow, the beneficiary under the will of her husband and the father of appellees, promised them that if they would not contest the will on admitted grounds of testamentary incapacity existing therefor, she would in due time make a division of the testator's estate by deed or delivery. It was further alleged that they relied on this promise and entered no contest to the will and that at the expiration of the two years during which they were authorized to contest it, the widow informed them that she had changed her mind, and would hold the property under the will as probated. On the widow's appeal from the lower court's action in overruling her demurrer, it was said that the statute, [now section 91-7-23] has been the law for generations; that it sets forth only two exceptions to the time limit for filing contest  the exception in favor of infants and persons of unsound mind and the exception in the case of concealed fraud. Finding neither of these exceptions present, in the case, and reversing and dismissing the bill of appellees, the Court said:
But the statute here in question is more than a mere statute of limitations; moreover, it contains within its own terms those exceptions by which it may be avoided, and the general rule is that when such a statute sets up its own exceptions this will exclude others sought to be imported therein. 25 R.C.L. 983; 59 C.J., p. 1092.
(166 Miss. at 376, 146 So. at 856).
None of these exceptions being available to her, appellant lost her right to contest the will at the expiration of two years from the date of its probate.
We are of the opinion that some relief may be available to her, and that, the special demurrer not reaching that relief, the answer and cross bill should not have been dismissed. Though inartificially drawn, as we view the pleadings, appellant puts the court to a decision as to whether she is entitled to occupy the homestead, rather than the small part in which she was left a *1244 life estate, section 91-1-23, and whether she is entitled to a widow's allowance for one year. Section 91-7-135.
As to the homestead exemption, we have held that the owner of homestead property may, by will, dispose of it as he or she sees fit, but he or she could not thereby defeat his or her spouse's right to occupy the same as a homestead under the statute. This right prevails where, by will, the owner of the homestead devises it to another without share to the spouse. Biggs v. Roberts, 237 Miss. 406, 414, 115 So.2d 151, 154 (1959); Mills v. Mills, Admrx. C.T.A., 279 So.2d 917, 924 (Miss. 1973). The statutory homestead right may be availed of by the surviving spouse without renouncing the will of the deceased owner. Stockett v. Stockett, 337 So.2d 1237, 1240-1241 (Miss. 1976).
As to appellant's right to a widow's allowance, we have held that, regardless of a will, the widow is entitled to this allowance unless it clearly appears that the provisions of the will for the widow of the decedent are in lieu of the year's support provided by the statute. See Mills v. Mills, Admrx., C.T.A., supra, at 921, where a number of authorities were collated.
We do not decide whether appellant is entitled to the homestead exemption or the widow's allowance, but reverse the dismissal of her pleading and remand the case for further pleading and such evidentiary hearing on these issues as may be necessary to a determination thereon, to be made by the chancellor.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.