# CASES ARGUED AND DECIDED

—— IN THE ——

# SUPREME COURT OF MISSISSIPPI,

—— AT THE ——

## MARCH TERM, 1899.

JOHN A. CARTER ET AL. *v.* WILLIAM H. HARVEY ET AL.

1. WILLS. *Husband and wife. Code* 1892, § 4497. *Renunciation.*
   Code 1892, § 4497, to the effect that renunciation by the husband shall be unnecessary where no provision is made for him by the will of his deceased wife, has no application where he is thereby made executor, guardian of the infant devisees, with control of the estate for their benefit, and remainderman in fee in case of their death before reaching majority.

2. SAME. *Creditors. Code* 1892, § 4496.
   The right of a husband to renounce the will of his deceased wife, under code 1892, § 4496, is a purely personal right, and cannot be exercised by his creditors.

FROM the chancery court of Oktibbeha county.

HON. BAXTER McFARLAND, Chancellor.

William H. Harvey, and others, appellees, were the complainants in the court below; the appellants, John A. Carter and others, were defendants there.

Ella A. Harvey died in June, 1885, leaving her husband, appellee, William H. Harvey, and three infant children as her heirs. She was, for some time after her death, believed to have

77 Miss.—1

died intestate. Appellants owned a judgment against W. H. Harvey. In March, 1886, they had the interest of W. H. Harvey in the lands left by his wife levied upon under execution and advertised for sale. The original bill was then filed, just before the day fixed for the sale, setting up the finding and probate of a will of Ella A. Harvey, by which the land was devised to the children of the testatrix, and prayed an injunction restraining the sale of the land, which was granted. Defendants, now appellants, moved to dissolve this injunction, but the motion was overruled. They then answered, alleging the will to be a forgery, and made their answer a cross bill. To the cross bill the complainants demurred, and the demurrer was sustained. Defendants, now appellants, appealed to the supreme court from the decree sustaining the demurrer to the cross bill, but the decree was affirmed, and the cause remanded. See *Carter* v. *Harvey,* 7 So. Rep., 286. After the case was sent back to the court below, an issue *devisavit vel non* was made up and heard by the chancellor, by agreement, without a jury. The decree was adverse to the defendants, and they again appealed to the supreme court. The provisions of the will are stated in the opinion of the court.

*Thomas J. O'Neill,* for appellants.

Under code 1880, § 1173 (Code 1892, § 4497), when no provision is made by the wife in her will for the husband, he takes his interest in the estate by operation of law. The section of the code means if no substantial share of her estate be given the husband, and it is not complied with by simply imposing upon the husband the duties and responsibilties of management.

The evidence warrants the conclusion that the pretended will is and was a vile forgery.

*H. L. Muldrow, Wiley N. Nash,* and *Alexander & Alexander,* for appellees.

The issue of *devisavit vel non* was made up, and by consent tried by the court, and judgment was rendered for appel-

lees. The judgment on this issue can be reversed only upon the principles applicable to a trial by jury. To authorize the higher court to interfere in such cases, there must be a clear preponderance of evidence against the verdict. *Brown* v. *Forbes,* 8 Smed. & M., 498; *Sims* v. *McIntyre,* 8 Smed. & M., 324.

"Every presumption is indulged in favor of the verdict." *Peck* v. *Thompson,* 23 Miss., 367.

"When there is a conflict in the evidence a new trial will not be granted unless the verdict is clearly wrong." *Garland* v. *Stewart,* 31 Miss., 314; *Gay* v. *Lemle,* 32 Miss., 309; *Harris* v. *Halliday,* 4 How. (Miss.), 338.

The right to renounce the will under § 1172, code 1880 (Code 1892, § 4496), or to claim without renunciation under § 1173 (Code 1892, § 4497), is a personal right to be exercised by the husband, and no other person can exercise it for him. In the first case, renunciation must be made by the husband, and then he can claim a distributive share, and in the other, the husband can claim such distributive share without renunciation. Claim is the word used in *Kelly* v. *Alred,* 65 Miss., 495. The language of these sections differs materially from those on the subject of descent and distribution. The latter cast an estate without claim or election, while the former do not.

Under the law of descent and distribution, when there is no will, if a married woman die leaving any personal or real estate not disposed of, it descends to her husband. If she have no children or descendants of them the husband inherits all of her property. But under the law, code sections above cited, "the husband may renounce the will of his deceased wife," and elect to take in lieu thereof his legal share of her estate. Under the section last cited, "if the will of the husband or wife shall not make a provision for the other, the survivor of them shall have the right to share in the estate of the deceased husband or wife, and in such case a renunciation of the will shall not be necessary, but the rights of the survivor shall be as if the will had

contained a provision that was unsatisfactory, and it had been renounced, and to ascertain what the rights of the survivor are, reference must necessarily be made to the preceding section.

But, "any provision by the will of the husband or wife for the other shall be construed to be in bar of any share of the real or personal property of the testator, unless it be otherwise expressed in the will." Code 1880, § 1174.

The right to claim is similar to that of dower. The right of a widow to dissent from a provision made for her in her husband's will in lieu of dower is personal, and if she is insane, her right is defeated. *Crenshaw* v. *Carpenter*, 69 Ala., 572.

"The statutory right of a widow to elect not to take under her husband's will must be exercised by her personally in her life." *Crozier's Appeal*, 35 Am. Rep. (Penn.), 666.

"The widow's right of election under the will of the husband is a personal right, and is not transmissible by descent." 2 Red. Wills, 367, sec. 33.

In either case, where there is unsatisfactory provisions in the will, or where there is no provision, the husband or wife must elect to take his or her legal share of the estate—in the former case by renunciation, and in the latter case without renunciation. Elect is the word used in § 1172, and controls § 1173, code 1880.

Any provision for the husband in the will of the wife forces upon him an election. Code 1880, § 1174.

"The doctrine of election is applicable to interests which are remote, contingent, partial, or of small value." 1 Pom. Eq., sec. 470.

In this case William H. Harvey has elected to take under the will of his wife; "and election made with the knowledge of the party's right, and of the value and condition of the things between which the election is made, is binding on the party and those claiming under him." 6 Am. & Eng. Enc. L., 254, citing 14 Lea (Tenn.), 553; *Cary* v. *Cary*, 37 N. J. Eq., 198; *Whitney* v. *Whitney*, 31 Beav., 173; *Dewan* v. *Maitland*, L. R., 2 Eq., 834.

"After electing in favor of the provisions of the will, a widow cannot claim an interest as distributee . . . in lapsed legacies." *In re Benson,* 48 Am. Rep. (N. Y.), 646.

"Where an election is once made by the party bound to elect, either expressly or inferred from his conduct, it binds not only himself, but all those parties who claim under him, his representatives, and heirs." 1 Pom. Eq., sec. 516.

"The widow is not entitled to exempt property disposed of by will unless she renounce." *Turner* v. *Turner,* 30 Miss., 428.

"If a widow accept anything whatever in lieu of dower, she is thereby barred, and this may be pleaded either at law or in equity." 2 Red. Wills, 363, sec. 24.

"He who accepts a benefit under a deed or will must adopt the whole contents of the instrument, renouncing every right inconsistent with it." Jarman on Wills, 44; 2 Roper on Legacies, 1567; Bigelow on Estoppel, 578.

"If the widow accepts the office of executor of her husband's will, she cannot afterwards renounce its provisions and claim dower in opposition thereto." 2 Red. Wills, 367, note 74.

The will of Mrs. Harvey makes substantial provision for her husband. First, it gives him management and control of her lands, property, and effects; second, it makes him the guardian of her children without bond; third, it makes him executor without bond; fourth, if all of her children should die before they are of age, he is to have all of her lands, property, and effects of all kinds. This last provision gives the property to him in the event of the death of all the children before they are of age, even though they should marry before that time and have families of their own. It would deprive the husband of the daughter and the wife or wives of the sons of Mrs. Harvey of any share of the estate if her children should die before they are of age. Harvey, the husband, has a contingent remainder.

"A remainder is contingent when it is so limited as to take effect upon an event which may never happen, or may not happen until after the termination of the particular estate." 20 Am. & Eng. Enc. L., 40.

Argued orally by *H. L. Muldrow* and *C. H. Alexander,* for appellees.

WOODS, C. J., delivered the opinion of the court.

1. Looking at all the evidence in the record, documentary and other, we have no hesitation whatever in affirming the finding of the learned court below as to the genuineness of the paper purporting to be the will of Mrs. Harvey. That the paper was wholly written and signed by testatrix is overwhelmingly establishing by all the evidence.

2. The will of Mrs. Harvey did not fail to make any provision for her husband. The error of the counsel for appellant arises out of his reading into § 4497 of our code the words any "adequate" or "sufficient" provision for the husband. The plain and unambiguous language is: "If the will of the husband or wife shall not make any provision for the other, the survivor of them shall have the right to share in the estate of the deceased husband or wife, as in the case of the unsatisfactory provision in the will of the husband or wife for the other of them." In the case before us there was no failure to make any provision by the will of the wife for the husband. He was made executor of the will and guardian of the infant children (then of very tender age), without bond, with the right to use the estate, as he always had done, for the benefit of the infants. He thus had some provision made for him. Besides, the whole estate was bequeathed and devised to him absolutely in the event of the children of the testatrix dying before reaching their majority. These provisions of the will were satisfactory to the husband, for he has never renounced the will, and it is not for his creditors to renounce for him.

The decree is the only one which could properly have been rendered.

*Affirmed.*