ESTATE OF J. D. MULLINS, DECEASED *v.*
ESTATE OF MRS. JESSIE W. MULLINS, DECEASED

No. 41620      December 12, 1960      125 So. 2d 93

*Kepper & Kepper,* Hattiesburg; *L. S. McClaren,* Mc-Comb, for appellant.

*Roach & Jones,* McComb, for appellee.

ETHRIDGE, J.

██ █ The question in this case is whether the statutory right to renounce a will given to a husband or wife of the deceased spouse may be exercised by the administrator of the estate of the surviving spouse, who died before making an election, or whether the right to elect to take against a will is a personal privilege. We think it is the latter.

Mrs. Jessie W. Mullins, of Pike County, died on August 30, 1958. She left surviving her a husband, J. D. Mullins, and four children of a prior marriage. By her will she devised a life estate in the homestead to her husband, with the remainder to her four children of the earlier marriage. A residuary clause left the balance of her estate to the children. Testatrix affirmed her love and affection for her husband, but the will stated that "with a home to live in and with the pension my husband will have, he will be made comfortable." Her will was was admitted to probate on September 6, 1958, and letters testamentary issued to the appointed executor.

J. D. Mullins, the surviving husband, died intestate on October 1, 1958, thirty-two days after the death of the testatrix, his wife. During that time he did not elect to renounce the will of his wife. Appellant, L. S. McClaren, was appointed administrator of his estate. Appellant filed in the Chancery Court of Pike County, in the proceedings of the estate of Mrs. Jessie W. Mullins, deceased, a petition to renounce her will. It averred the above-stated facts, and charged that under the statute Mullins, during his lifetime, had the right to renounce the will of his deceased wife, and had announced his intention to do that, but, before acting, he met an untimely death. The administrator alleged it was his duty to file a petition renouncing the will, on behalf of Mullins, and he thereby undertook to renounce it, and to elect for Mullins' estate to take, in lieu of the devise, a child's share of the estate of his wife. Appellee, executor of the estate of Mrs. Mullins, entered a general demurrer to this petition, asserting the statutory right to

renounce was personal to Mullins and abated upon his death. The chancery court sustained that demurrer, and allowed this interlocutory appeal. We affirm the action of the trial court.

The statute which confers the right to renounce a will is Miss. Code 1942, Rec., Sec. 668. It provides: "When a husband makes his last will and testament, and does not make satisfactory provision therein for his wife, she may, at any time within six months after the probate of the will, file in the office where probated a renunciation to the following effect, viz.: 'I, A B, the widow of C D, hereby renounce the provision made for me by the will of my deceased husband, and elect to take in lieu thereof my legal share of his estate;' and thereupon she shall be entitled to such part of his estate, real and personal, as she would have been entitled to if he had died intestate, except that, even if the husband left no child nor descendant of such, the widow, upon renouncing, shall be entitled to only one-half of the real and personal estate of her deceased husband. The husband may renounce the will of his deceased wife under the same circumstances, in the same time and manner, and with the same effect upon his right to share in her estate, as herein provided for the widow."

Code Sec. 670 further states that, if the surviving spouse has separate property at the time of the death of the deceased spouse equal in value to what would have been his lawful portion of her estate, there is no right to elect against the will. The petition does not seek to exclude this limitation upon the right to renounce, but we do not decide this case on that issue.

■■ ■ Appellant relies in part upon Code Sec. 609: "Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. And they shall also be liable to be sued in any court in any personal action which might have been maintained against

the deceased." However, Sec. 609 does not answer the present question. It simply authorizes administrators to prosecute personal actions, which phrase includes actions for recovery of personal property, for breach of contract, or for injury to person or property. Hamel v. Southern Railroad Co., 108 Miss. 172, 66 So. 426, 809 (1914). ██ ██ The existence of a right to renounce, and its scope, depends upon the terms of Sec. 668, conferring the right.

In Carter v. Harvey, 77 Miss. 1, 25 So. 862 (1899), it was held that the right of a husband to renounce the will of his deceased wife is purely personal, and cannot be exercised by his creditors. That decision is in conformity with the great weight of authority, in the absence of a statute expressly extending the right to the personal representatives of a deceased.

97 C. J. S., Wills, Sec. 1246, summarizes the accepted principles: "In general, the right to make an election with respect to rights under a will must be exercised during the lifetime of the claimant, and, except where a statute authorizes an election to be made after the death of the party entitled, it does not survive the death of the person having the right. If the person entitled to elect dies without having exercised the right, it is lost, even though the period within which such person could have elected had not elapsed; it does not pass by will or under the intestate law. . . .

"The right to elect cannot be exercised by the personal representatives or heirs of the person entitled to elect, unless the will expressly so provides; . . ."

In short, the right of a beneficiary to accept or renounce the provisions of a will is a personal privilege which must be exercised by him during his lifetime and may not, after his death, be undertaken by his personal representative, even where the death occurs prior to the expiration of the statutory period for the election. 57 Am. Jur., Wills, Secs. 1530, 1531; Anno., Right of Agent or Personal Representative to make Election for Lega-

tee or Devisee to Take Under or Against Will, 85 A. L. R. 856 (1933); 4 Page on Wills (3d Ed., 1941), Sec. 1362.

However, if the person who is entitled to elect is incompetent, the guardian of the beneficiary may renounce the will, with the sanction of the court. This was what occurred in Hardy v. Richards, 98 Miss. 625, 54 So. 76 (1910). The surviving wife was a non compos mentis, and the chancery court authorized her guardian to renounce her husband's will. Affirming this election, it was said, "There is not one law for a sane and another for an insane widow." The right to renounce is granted by Sec. 668 to promote the economic welfare of the surviving spouse. The widow, still living, needed that protection, whether she was sane or insane. 4 Page on Wills, Sec. 1363; 57 Am. Jur., Wills, Sec. 1528; Annos., Election on Behalf of Incompetent to Take Under or Against Will, 74 A.L.R. 452 (1931), 147 A.L.R. 336 (1943). Hardy v. Richards is not inconsistent with the general rule that the right of a beneficiary to elect to accept or renounce the provisions of a will is a personal privilege to be exercised during his lifetime. Accordingly, the chancery court was correct in sustaining the demurrer to appellant's petition.

Affirmed.

*Hall, P.J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.