ETHRIDGE, Chief Justice:
This case involves the question of whether a mentally incompetent widow, by her guardian and with approval of the court, can renounce her husband's will after the statutory period for renunciation (six months from date of probate) has expired. We hold that she can, and affirm the decree of the Chancery Court of Madison County.
The pertinent statute is Mississippi Code Annotated section 668 (1956), which provides :
When a husband makes his last will and testament, and does not make satisfactory provision therein for his wife, she may, at any time within six months after the probate of the will, file in the office where probated a renunciation to the following effect, viz.: T, A B, the widow of C D, hereby renounce the provision made for me by the will of my deceased husband, and elect to take in lieu thereof my legal share of his estate;’ and thereupon she shall be entitled to such part of his estate, real and personal, as she would have been entitled to if he had died intestate, except that, even if the husband left no child nor descendant of such, the widow, upon' renouncing, shall be entitled to only one-half of the real and personal estate of her deceased husband.
Common law dower is abolished in this State. Miss.Code Ann. § 453 (1956). Under Code Section 470, where a husband dies intestate leaving no children, his widow is entitled to his entire estate after payment of debts; but where the deceased husband leaves a child or children, his widow gets a child’s part of the estate, in either case in fee simple.
Code Section 668 contains no savings clause in favor of a mentally incompetent widow. The general savings statute in favor of those under disabilities, in a separate chapter on limitations of actions, does not apply to section 668. Miss.Code Ann. § 738 (1956).
Ernest E. Wolcott married Laura Nell McKinney Wolcott sometime before 1946. Mrs. Wolcott has a history of mental illness for many years, and has been mentally incompetent at various times since 1945. She has been wholly incompetent mentally since she was committed to the Mississippi State Hospital at Whitfield on May 19, 1962. Mr. Wolcott died on April 21, 1963. At that time his wife was insane and in the hospital, and has since remained there. He left a will in which he named his brother, Hite Bridges Wolcott, as executor; bequeathed to Mrs. Wolcott $100 in cash; and left the remainder of his estate to two brothers and two sisters, Hite and Joe Wolcott, Blanche Patterson and Sara Saucier. Testator had no children. His estate had a value in excess of $15,000. On the petition of Hite Wolcott, the will was admitted to probate in common form on July 22, 1963. No notice was served on Mrs. Wolcott. She had no guardian.
On September 17, 1964, over a year after probate, the executor filed his first annual and final account. He asked the court to authorize him to distribute directly to Mrs. Wolcott the $100, without the necessity of a guardianship, under Code Section 448. Also filed at the same time was an affidavit of the executor as to the heirs, devisees and legatees, which stated that Mrs. Wolcott was of unsound mind and had no guardian. Miss.Code Ann. § 639 (1956). The chancellor appointed an attorney as guardian ad litem for her. He filed an answer to the executor’s petition for final discharge, asserting that Mrs. Wolcott had been non compos mentis for many years, had no sepa *383 rate estate and was a pauper; and that she had the right, under Code Section 668, to elect to take under the law of inheritance by-renouncing the will. The executor responded that the six months’ period allowed under the statute for renunciation had expired. On May 10, 1965, the guardian ad litem filed for Mrs. Wolcott a renunciation of the will and an election to take as an heir, and the chancellor authorized the filing of the renunciation. On June 1, 1965, the court held that, because of her mental incompetency from the time of testator’s death continuously to date, Mrs. Wolcott, through her guardian ad litem, could renounce the will and take a widow’s share, although the six months’ period had expired. An interlocutory appeal was allowed from this decree.
The laws of this State have always made provision for the care of the widow out of her deceased husband’s estate. This right is not new hut of ancient origin. Under the common law this was the right of dower. When dower was abolished in 1880, the right of the widow to support out of her husband’s estate was carried forward by provision for inheritance by the widow. Miss.Code 1880, § 1170; Miss.Code Ann. § 470 (1956). When Wolcott died with a substantial estate, he bequeathed his insane widow only $100, a mere token. Being of unsound mind, she was unable to make an election, as she was authorized to do under section 668. An election by her was impossible.
 The rights and interests of a mentally incompetent person should be safeguarded in equity. Opportunity should be afforded to secure for her or her estate the same legal benefits and advantages as would accrue to a widow of sound mind. Accordingly, although there is some dissent in a few cases, the weight of authority is that a mentally incompetent widow, still living, can have an election made for her by a guardian with approval of the court, after the expiration of the statutory period. The right to renounce granted by section 668 is for the purpose of promoting the economic welfare of a surviving spouse. Section 668 contemplates that the widow is sane during the six months’ period within which she has the right to renounce the will. The statute-states that she “may elect” to take against the will if the husband does not make a “satisfactory provision” for her in the will. Certainly an incompetent widow could not “elect,” and would have no capacity to determine whether there was a “satisfactory provision” in her husband’swill.
Hardy v. Richards, 98 Miss. 625, 54 So. 76, 35 L.R.A.,N.S., 1210 (1910), held that a mentally incompetent widow, through her guardian and with the approval of the court, could elect to renounce her husband’s will. This was done within the six months’' period. It was said that “the election may be made by the guardian with the sanction of the court.” Further: “The right of election given by the statute is absolute. It is incontestable by cither devisees, legatees, heirs, or creditors.”
Estate of Mullins v. Estate of Mullins, 239 Miss. 751, 125 So.2d 93, 83 A.L.R.2d 1073 (1960), held that the statutory right to renounce a will was a personal right,, and it could not be exercised by the administrator of the estate of the surviving husband, who died thirty-two days after probate and before making an election. He was mentally competent. Mullins, stated: “However, if the person who is entitled to elect is incompetent, the guardian of the beneficiary may renounce the will, with the sanction of the court.” It was observed that Hardy was not inconsistent with Mullins, because mental incompetency during the elective period was the distinguishing factor in the former case.
We hold that where a widow has been mentally incompetent continuously from the death of the testator, and she has had no guardian acting in her behalf during the statutory period for renunciation, its lapse is no bar to a subsequent election in her behalf by the court or a guard *384 ian acting under supervision and approval of the court. The general rule is that, where an election is required by statute to be made within a certain period of time, the incompetency of the person entitled to elect is considered as warranting an extension of the statutory period. Mead v. Phillips, 77 U.S.App.D.C. 365, 135 F.2d 819, 147 A.L.R. 322 (1943); Ramsey’s Ex’r v. Ramsey, 243 Ky. 202, 47 S.W.2d 1059 (1932); In re McGarry’s Estate, 270 N.Y. 514, 200 N.E. 296 (1936), affirming 245 App.Div. 834, 282 N.Y.S. 234 (1935), reversing 155 Misc. 467, 280 N.Y.S. 202 (Surr.Ct.1935); In re Hansen’s Guardianship, 67 Utah 256, 247 P. 481 (1926); 6 Page, Wills § 47.18 at 631 (rev. ed. 1962); Annots. 74 A.L.R. 452, 461 (1931), 147 A.L.R. 336, 338 (1943); 57 Am.Jur. Wills § 1532 (1948); 97 C.J.S. Wills §§ 1246-1247 (1957). See In re Henderson’s Estate, 176 Kan. 168, 268 P.2d 941 (1954); Carey v. Brown, 194 Minn. 127, 260 N.W. 320 (1935), certiorari denied, Macho v. Brown, 260 U.S. 590, 56 S.Ct. 102, 80 L.Ed. 418 (1935); In re Connor’s Estate, 254 Mo. 65, 162 S.W. 252, 49 L.R.A., N.S., 1108 (1913).
Appellant’s argument is that Code Section 668 contains no savings clause, and in its absence the six months’ limitation for filing a renunciation runs against all persons, whether or not they are under disability, citing several cases. In re Estate of Aron, 118 So.2d 546 (Fla.Dist.Ct.App.1960); Barbour v. Williams, 196 Miss. 409, 17 So.2d 604 (1944) (no savings to minor under one year statute to set aside invalid foreclosure); Bryant v. Associates Discount Corp., 251 Miss. 1, 167 So.2d 657 (1964) (no savings for N.C.M. as to ten days’ notice to court reporter); Foster v. Yazoo & M. V. R. Co., 72 Miss. 886, 18 So. 380 (1895) (no savings for minors under then existing wrongful death statute). Plowever, the widow’s renunciation right in section 668 must be read in the light of its history and essential legislative purpose. The manifest intent of that statute is that the widow must be in a condition to “elect” to renounce or not to renounce. Considering these factors, the well-settled policy of the law to protect a widow’s interest in the estate of her deceased husband, and the plain equities applicable to the facts of this case, we do not think these cases relied on by appellants are applicable in this instance, or should be followed.
Affirmed.
RODGERS, BRADY, PATTERSON and INZER, JJ., concur.