Terry SOUTH, Sr., Executor, and Mary L. Clark, Executrix, of the Estate of Vada Malone South, Plaintiffs,

v.

UNITED STATES of America, Defendant,

v.

Martha S. WADLINGTON, and Bobbie Ray SOUTH, Additional-Party Defendants to Counterclaim for Interpleader.

No. WC645.

United States District Court
N. D. Mississippi, W. D.

Dec. 23, 1966.

See also, D.C., 39 F.R.D. 353, D.C., 40 F.R.D. 374.

Anthony T. Farese, Ashland, Miss., Ethridge & Grisham, Oxford, Miss., for plaintiffs.

H. M. Ray, U. S. Atty., Oxford, Miss., for defendant.

Winchester, Goff, Winchester & Walsh, Memphis, Tenn., for additional party defendants.

OPINION OF THE COURT

CLAYTON, District Judge.

Willie Lonzo South applied for and was issued at different times two $5,000 National Service Life Insurance policies while he was a member of the Armed Forces of the United States. As to the first policy, which became effective on January 1, 1942, he named his father as principal beneficiary and his mother as contingent beneficiary. The insured was single at this time. In January 1943, he married Martha Ellen Johnson, and a son was born to this union in August of that year. The second policy then was applied for and issued, and the insured named his wife as principal beneficiary and his mother as contingent beneficiary. At this same time, he executed a change of beneficiary form to the original or first policy, which named his wife as principal beneficiary and his mother as contingent beneficiary.

The insured was injured while in the service and these injuries resulted in a mental disability for which he was rated as 100% disabled. He was hospitalized

until his death, except for brief periods not relevant here.

His wife obtained a divorce in June of 1946, in the Circuit Court of Shelby County, Tennessee. The insured appeared in that cause by and through a guardian ad litem. The divorce decree awarded custody of the minor child to the wife and made no mention as to the aforementioned life insurance policies. Since that time, the former wife remarried and is now known as Martha S. Wadlington.

In April 1946, the Chancery Court of Tippah County, Mississippi, appointed L. B. Shelton, Chancery Clerk, as guardian of the person and estate of Willie Lonzo South as a non compos mentis.[1]

In 1948, while the insured was out of the hospital in the care of his mother, he apparently expressed a desire to eliminate his ex-wife as the named beneficiary in the aforementioned insurance policies and inquiry was made by letter to the Veterans Administration by the attorney for the aforementioned guardian, L. B. Shelton, as to how this change could be accomplished. By letter dated November 3, 1948, this attorney was advised that it was not possible for an incompetent to change the beneficiary of his insurance. This letter suggested that the guardian set forth the facts of the case over his signature and submit it to the Veterans Administration to be filed with the insured's records. This letter also stated:

> If the insurance becomes a claim while the insured is incompetent, it will be a matter for the Adjudication Department.

Afterward, on November 19, 1948, the guardian submitted such a letter, and during that month he executed a change of beneficiary form attempting to name Vada Malone South, the insured's mother, as principal beneficiary to one of the policies. He executed an identical form as to the other policy in December of 1949. The guardian did not seek nor obtain authority from the Chancery Court of Tippah County, Mississippi, for any of his said actions.

In August 1951, the insured's mother requested information as to the current beneficiary with respect to these policies of insurance. She was told that this information could be made only to the guardian in answer to a request from him. Such an inquiry was then made by the guardian and he was told that the mother, Vada Malone South, was the principal beneficiary as to each of the policies.

The insured died in the hospital on April 22, 1962. In May of that year, the former wife made a claim for the insurance and in June of that year, the mother made her claim.

In June 1962, the mother was advised by letter that the change of beneficiary requests of November and December of 1949 could not be accepted as valid. The stated reason was that these requests were not signed by the insured. On July 31, 1962, action was taken awarding payment of the insurance proceeds to the former wife under Option No. 2 (36 monthly payments). On August 11, 1962, the mother protested payment to the former wife and these payments were suspended in October of 1962, effective as of September 1962—the date of the last payment.

In November 1962, an original bill was filed in the Chancery Court of Tippah County, Mississippi, by Haywood Cook, the then guardian of the as yet unclosed guardianship estate of Willie L. South, non compos mentis. Mrs. Vada Malone South, mother of the insured, joined in this bill. The purpose of the bill was to obtain, nunc pro tunc, ratification and approval of the attempted changes of beneficiary aforementioned which were executed by L. B. Shelton, guardian, in November 1949, and in December 1949.

The Veterans Administration filed an answer in this cause which in effect stated that the administrator of veterans

---

1. It is without dispute that the insured was legally incompetent at all times after his release from the service until his death.

affairs had no recommendation to make that "would with respect show unto the court that the Veterans Administration is not bound by any decree rendered by this court in this matter and that the claim will be decided in accordance with the laws and regulations governing the Veterans Administration in insurance claims."

By action taken in December 1962, Mrs. Vada Malone South was advised that the award of the insurance proceeds to the former wife was confirmed by the Veterans Administration.

A notice of disagreement was received from Mrs. South on February 4, 1963, and a brief from her attorney covering the legal aspects of the case was received.

On March 1, 1963, the Chancery Court of Tippah County, Mississippi, entered its decree by which it attempted to confirm and ratify the actions of L. B. Shelton, guardian, aforementioned, by which he attempted to change the beneficiary of these policies to the insured's mother.

There is no record of any effective service of process on the insured's former wife, Mrs. Wadlington, either individually or as guardian for her minor son.[2] In fact, they were not made parties to those proceedings.

A substantive appeal was filed by Mrs. Vada Malone South from the determination made as aforementioned in December 1962, and on September 13, 1963, the Board of Veterans Appeals decided, inter alia, that:

> Martha S. Wadlington is the last named beneficiary under the veteran's policies of National Service Life Insurance and is entitled to the proceeds of the insurance. Therefore, the appeal is denied. This decision consti-

tutes the final administrative denial of the appellant's claim.

In January 1964, Mrs. South filed her complaint in this court against the United States, and in due season, after the filing of answer and counterclaim for interpleader by the United States, Mrs. Martha S. Wadlington, and subsequently, Bobbie Ray South, were added as additional parties defendant to the counterclaim.

Mrs. South died and a motion for substitution of her personal representatives as parties plaintiff under the provisions of Rule 25(a), Federal Rules of Civil Procedure, was sustained over objections. 39 F.R.D. 353 (1965).

Later, a so-called "motion to strike" was filed by which the United States attempted to relitigate and undo what the court had done therefore with respect to the motion for substitution and the objections thereto. That motion was overruled. 40 F.R.D. 374 (1966).

Now before the court are a motion for summary judgment filed by plaintiffs, a motion for summary judgment (partial and alternative) on the part of the United States, and a motion for summary judgment on the part of Martha S. Wadlington and her son, Bobbie Ray South.

The court finds from all of the files and records and evidential materials submitted that there is no genuine issue as to any material fact and that, thus, all of the aforementioned motions may be determined as matters of law.

One basic, underlying question to be answered is:

■ Were the actions of L. B. Shelton in executing change of beneficiary forms as the guardian of the insured, without authority at the time so to do from the Chancery Court, legally effective so as

---

**2.** It is stated that on the date when the decree was signed, Mrs. Wadlington and her son were present in the courtroom and offered no objection. No answer or appearance was filed for her. It is also stated that a copy of the original bill was mailed to a lawyer who represented Mrs. Wadlington. He apparently lived in Memphis, Tennessee. It is also stated that a copy of the proposed decree was delivered to this attorney before it was submitted to the court. Clearly, neither Mrs. Wadlington nor her son were properly before the Chancery Court. It requires the citation of no authority to sustain that statement, but the books are full of Mississippi cases which so hold.

to make Vada Malone South, the insured's mother, entitled to the proceeds of the National Service Life Insurance policies, when, after the death of the insured ward, said actions of the guardian were ratified, confirmed, and approved by the Chancery Court in a nunc pro tunc decree?

It seems clear to this court that the answer to that question must be, and, therefore, is, no. This answer necessarily means that the ex-wife of the insured, Martha S. Wadlington, was the named beneficiary for these policies and that she, at the death of the insured was, and is now, entitled to the proceeds of said policies. This answer, so far as this court is concerned, settles the lawsuit.

It must be understood that this court is not required to and does not pass upon what the effect of the execution of change of beneficiary forms by the guardian would have been if the guardian, at the time of the execution of said forms, had been vested with authority from the Chancery Court to take such action. Such an issue is not before the court, since the guardian here had no such authority at the time he took such action and never obtained any during the lifetime of his ward.

The essence of this court's view is that the guardian of the non compos mentis can take such a personal action as changing the beneficiary of insurance policies belonging to the ward only with authorization of the court having jurisdiction over the guardianship proceedings given *during the lifetime of the insured ward*. No such action can be effectively undertaken after the death of the ward, even with the court's approval. To hold differently would be for this court to say that an action personal to a dead man could be done for him by someone else after his death.

It is generally held that after the death of a ward, a guardian has no further authority except to account for the guardianship estate to the proper person(s) through the court having jurisdiction over the guardianship. 44 C.J.S. Insane Persons §§ 79, 87, 190, 213.

No exceptions to this general law have been cited for the State of Mississippi and none have been found. And, it must be said that plaintiffs' reliance on Hardy v. Richards, 98 Miss. 625, 54 So. 76, 35 L.R.A.,N.S., 1210 (1911) is misplaced. This was a renunciation of a will by the guardian of a non compos mentis widow *during her lifetime* within the statutory period for renunciation, *with the approval of the Chancery Court*. More persuasive here is the case of Mullins Estate v. Mullins Estate, 239 Miss. 751, 125 So.2d 93, 83 A.L.R.2d 1073 (1960), in which the Supreme Court of Mississippi held that the administrator of a husband who survived his wife, but who died without renouncing the wife's will, could not effectively renounce that will. Among other things, the court said:

> In short, the right of a beneficiary to accept or renounce the provisions of a will is a personal privilege which must be exercised by him during his lifetime and may not, after his death, be undertaken by his personal representative, even where the death occurs prior to the expiration of the statutory period for the election. (Citing authorities.)

In referring to Hardy v. Richards, supra, the court also said:

> However, if the person who is entitled to elect is incompetent, the guardian of the beneficiary may renounce the will, *with the sanction of the court.* * * * The surviving wife was a non compos mentis, and the chancery court authorized her guardian to renounce her husband's will. Affirming this election, it was said, "There is not one law for a sane and another for an insane widow." The right to renounce is granted by Sec. 668 to permit the economic welfare of the surviving spouse. The widow, still living, needed that protection, whether she was sane or insane. (Citing authorities.) (Emphasis added.)

Plaintiffs' position is based primarily upon the entry of a decree by the Chancery Court of Tippah County, Mississippi, which undertook to ratify, confirm and approve the actions of the guardian in attempting to change the beneficiaries on these two insurance policies. Although this decree has been referred to as one nunc pro tunc, it is not such a decree at all. In 49 C.J.S. Judgments § 117, it is said:

> The object and office of a nunc pro tunc entry of a judgment are to exhibit correctly on the record a judgment previously rendered and not carried into the record or not properly and adequately recorded.

The object and purpose of this decree which was entered by the Chancery Court of Tippah County, Mississippi, was to attempt to breathe life into the otherwise sterile acts of the guardian in undertaking to change the beneficiaries of these two insurance policies without any court action, formal or informal, authorizing him so to do. The Chancery Court was undertaking to do formally what it had not done, formally or informally, during the lifetime of the insured ward. This it could not do. Oliphant v. Carthage Bank, 224 Miss. 386, 80 So.2d 63 (1955). In that case, the Supreme Court of Mississippi quoted with approval the above citation from Corpus Juris Secundum, as well as some of the body of the paragraph immediately following the above quotation. It said:

> And then further it is said as a part of the text of Section 117, that: "In connection with judgments, the object or purpose and office, function or province, of a nunc pro tunc entry are to make the record speak the truth by recording or correctly evidencing an act done or judgment rendered by the court at a former time and not carried into the record, or not properly or adequately recorded. It is not the object, office, or province of such an entry to alter a judgment actually rendered, or to correct an erroneous decision or judgment; and, generally speaking, the object or office of the entry is only to supply matters of evidence or to correct clerical misprisions, and *not to supply omitted judicial action*; * * * ". (Emphasis added.)

There are cases which have approved a change of beneficiary on such insurance as that with which we are concerned here where the change was made by the guardian of an imcompetent insured *during the lifetime of the ward, with court approval*. See, for example, Murray v. United States, 107 F.Supp. 290 (D.C. Mich.1952), affirmed 188 F.2d 362. But, as has been said, that is not the case here.

An order will be entered in accordance with this opinion.