BRADY, Justice.
This is an appeal from the Chancery Court of Sunflower County. The facts are as follows.
J. B. and Mavis Ratliff were husband and wife, and prior to their deaths on October 2, 1966, they had been married approximately a year. On February 2, 1966, J. B. Ratliff executed his last will and tes *875 tament. By this instrument he left his wife a life estate in an undivided one-half interest in all the property which he owned at his death. His daughter by a prior marriage, Mrs. Burrell, held the remainder interest and the other undivided one-half interest in fee simple. Mrs. Burrell was J. B. Ratliff’s only child. Mrs. Ratliff was survived by Vicki Jenkins, a daughter by a prior marriage.
The deaths of the Ratliffs occurred as follows. On the night of October 2, 1966, Mr. Ratliff called his sister and told her he had shot his wife. When the doctor and sheriff arrived they found Mrs. Ratliff on the bed. Mr. Ratliff was in a chair and had been shot through the head. A small caliber pistol was on the floor by his hand and there were powder burns on his head. He was dead. Mrs. Ratliff had also been shot in the head but was still alive. She died about twenty-five minutes later on the way to the hospital. In the doctor’s opinion it would have been impossible for Mrs. Ratliff to shoot Mr. Ratliff, then herself, leave the gun on the floor by his hand and walk to the bed where she was found. Therefore, for the purposes of this opinion we shall assume Mr. Ratliff shot Mrs. Ratliff and then turned the gun on himself.
Letters Testamentary were issued to the executor of Mr. Ratliff’s estate and Letters of Administration were issued to the administrator of Mrs. Ratliff’s estate. The chancery court granted a petition to authorize the administrator to renounce the will of Mr. Ratliff. The renunciation was contested and at the close of the trial the chancellor denied the administrator’s renunciation.
There is only one issue to be decided in this appeal. Does the personal representative of a deceased spouse have the right to renounce the will of a predeceased spouse under Mississippi Code 1942 Annotated section 668 (1956), or is the privilege one which must be invoked personally by the surviving spouse during her lifetime?
This issue has been before this Court on a prior occasion in the case of Estate of Mullins v. Estate of Mullins, 239 Miss. 751, 125 So.2d 93 (1960). In that case we said:
In short, the right of a beneficiary to accept or renounce provisions of a will is a personal privilege which must be exercised by him during his lifetime and may not, after his death, be undertaken by his personal representative, even where death occurs prior to the expiration of the statutory period for the election. (239 Miss. at 755, 125 So.2d at 95.)
The excellent, skillfully written briefs of appellant merit commendation, but they do not justify our modifying the rule of law set out in Mississippi Code 1942 Annotated section 668 (1956). Such is a prerogative of the legislature only and therefore should not be exercised by the judiciary. Mississippi can do as Tennessee has done and through its legislature enact a statute which would permit that which appellant earnestly urges here. Tennessee’s statute permits an election after the survivor’s death, as discussed in 83 A.L.R.2d 1073 (1962):
As already indicated, the right of election in the surviving spouse is purely statutory and a particular statute may permit an election to be made after the survivor’s death.
The statute in question in Hamilton Nat. Bank vs. Haynes (1943) 180 Tenn. 247, 174 S.W.2d 39 empowered the county court, on application of the personal representative of the surviving spouse, to declare a “dissent from the will” in the event of the death of such survivor before the period allowed for the dissent had expired. (83 A.L.R.2d at 1082.)
Equitable estoppel does not and cannot authorize the exercise of a personal right which terminates with the death of a spouse. Appellee concedes that had J. B. Ratliff lived he would have been estopped from inheriting from his wife’s estate under the provisions of Mississippi Code 1942 Annotated sections 479 and 672 (1956). Ap *876 pellant, however, does not seek to estop J. B. Ratliff. It is his estate, or more specifically his only daughter, Mrs. Betty Jane Ratliff Burrell, whom appellant seeks to estop. Appellant seeks to have Mrs. Burrell vicariously suffer the penalties which her father would have suffered had he survived his wife after killing her. Certainly Mr. Ratliff’s daughter, Mrs. Burrell, is guilty of no acts which would authorize and allow an equitable estoppel of her.
In conclusion, we agree with appellant that Inspector Javert’s devotion to an immutable and inexorable code of laws which categorically demanded and required punishment is not the basic concept of law in this state. In passing, it was Javert’s fanatical dedication to his adamant belief which ultimately caused his self-destruction. The enactment, modification or repeal of laws, wise or foolish, is a problem for the legislature of this state. This Court has no authority in this regard.
For the foregoing reasons, the judgment is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON, and SMITH, JJ., concur.