743 So.2d 433 (1999)
In the Matter of the Last WILL and Testament and Estate of Thomas D. MINGO, Deceased; Mary K. Patton and Hattie Magee, Co-Administratrices of the Estate of Ruby Mingo, Deceased, Appellants,
v.
Wilmon O. MINGO, Executor of Estate of Thomas D. Mingo, Deceased, Appellees.
No. 98-CA-00056-COA.
Court of Appeals of Mississippi.
June 29, 1999.
Garland D. Upton, Columbia, Attorney for Appellants.
Leigh Kennington Berry, Columbia, Attorney for Appellees.
*434 BEFORE McMILLIN, C.J., DIAZ, AND LEE, JJ.
DIAZ, J., for the Court:
¶ 1. Mary K. Patton and Hattie Magee, as co-conservators of the estate of Ruby Mingo, filed on behalf of Mrs. Mingo, a renunciation of the will of her late husband, Thomas Mingo. Acting now as the co-administratrices of Mrs. Mingo's estate, Patton and Magee appeal the December 3, 1997 order of the Marion County Chancery Court granting the motion of Wilmon Mingo, Executor of the Estate of Thomas Mingo, to strike the renunciation. The chancellor correctly found, as a matter of law, that the co-conservators of Mrs. Mingo's estate did not have the right to renounce the will on her behalf. Further, nothing in either the Mississippi Rules of Civil Procedure or Chapter 91 of the Mississippi Code sets forth a procedural requirement that a motion to strike the renunciation of a will must be made in any specific form. Accordingly, we affirm the chancellor's order granting the motion to strike the renunciation.

FACTS
¶ 2. Thomas Mingo died on June 18, 1994. In his will, he bequeathed $500 to his wife, Ruby Mingo, who had lived in a nursing home since 1991. The bequest was made to conform with the limitations on Mrs. Mingo's ability to own property or assets in order to qualify for the benefits necessary to provide her with nursing home care.
¶ 3. Mrs. Mingo's sisters, Mary Patton and Hattie Magee, were appointed co-conservators of her estate by an order of the Marion County Chancery Court on September 15, 1994. The next day, they filed the renunciation of Mr. Mingo's will. Mrs. Mingo subsequently died on September 12, 1995, before the estate was settled. Patton and Magee were appointed co-administratrices of Mrs. Mingo's estate on October 16, 1995.

DISCUSSION

I. WHETHER THE TRIAL COURT HAS AUTHORITY OR JURISDICTION TO GRANT RELIEF NOT ASKED FOR OR WHETHER THE TRIAL COURT HAS JURISDICTION OF FACTS AND ISSUES NOT PRESENTED IN THE PLEADINGS
¶ 4. Patton and Magee, as co-conservators of Mrs. Mingo's estate, filed a petition on her behalf to renounce Mr. Mingo's will. Mrs. Mingo did not sign the petition, rather it was signed by Patton and Magee, in their capacities as co-conservators of her estate. The right of a widow to renounce her husband's will pursuant to Miss.Code Ann. § 91-5-25 is exclusive to her and only can be exercised during her lifetime. Shattuck v. Estate of Tyson, 508 So.2d 1077, 1080 (Miss.1987); Wolcott v. Wolcott, 184 So.2d 381, 382 (Miss.1966); Estate of Mullins v. Estate of Mullins, 239 Miss. 751, 755, 125 So.2d 93, 95 (1960). When the surviving spouse has a conservator, the conservator may petition the court for authority to renounce the will on the spouse's behalf and may then renounce the will once permission is granted. Mullins, 125 So.2d at 95; Hardy v. Richards, 98 Miss. 625, 54 So. 76, 77 (1911). The chancellor found in his December 3, 1997 order that no evidence had been presented to the court demonstrating that Mrs. Mingo was non compos mentis and further, that court approval for the co-conservators to file on her behalf neither had been requested nor given. The record indicates that Mrs. Mingo had a history of mental instability and had been in a nursing home since 1991. Nothing suggests that she had been adjudicated incompetent. Incompetence, however, is really a non-issue, since a conservator has power to act even for a ward who is mentally competent, but for some reason may need assistance with the management of her affairs. As the chancellor correctly pointed out, an individual whose assets are under the control of a conservator may still have the requisite understanding and mental *435 capacity to make decisions personal to him. Indeed, Miss.Code Ann. § 93-13-251 et seq. provides, through conservatorship, for the supervision of "estates of older adults with physical incapacity or mental weakness, without the stigma of legally declaring the person non compos mentis." Harvey v. Meador, 459 So.2d 288, 292 (Miss.1984). Because the co-conservators of Mrs. Mingo's estate filed the petition without first obtaining the court's permission, the chancellor properly granted the motion to strike.
¶ 5. The co-conservators, however, contend that because no motion to strike was made part of the record or otherwise included in any of the pleadings, the chancellor was without jurisdiction to enter the order. Apparently, the issue of the validity of the renunciation filed by Patton and Magee was raised on several occasions during conferences held in chambers between the chancellor and the parties' attorneys. Rule 16 of the Mississippi Rules of Civil Procedure allows the court to enter orders based on pre-trial conference proceedings, including as in the case sub judice, proposed findings of facts and conclusions of law submitted by the parties. Thus, the chancellor did not exceed his jurisdiction by entering the order.
¶ 6. Miss.Code Ann. § 91-5-25 specifies the procedure for filing a motion to renounce. The statute is silent, however, as to any particular procedure to follow in striking or otherwise rescinding such a motion. Failure to file a motion to strike or to make such motion part of the record cannot breathe life into a pleading for which there otherwise is no authority. While the better practice, for purposes of making a record, might have been to file a written motion to strike, Rule 7, which governs the form of motions, does not require that an ore tenus motion made during a hearing or trial also be put in writing. There is no merit, therefore, to the assignment of error.

II. WHETHER MINGO'S MOTION TO CORRECT OR MODIFY THE RECORD WAS IMPROPERLY GRANTED
¶ 7. Patton and Magee further assert that the chancellor erred in allowing the appellate record to be amended to include the Executor's Proposed Finding of Facts and Conclusions of Law. They argue that pursuant to Rule 10 of the Rules of Appellate Procedure, the record was not timely supplemented. Rule 10(b)(4), upon which the conservators rely, addresses the initial statement of issues and designation of the record. However, Rule 10(e) allows for the modification or supplementation of the record, when necessary, either before or after it is transmitted to this Court. There is no merit, therefore, to the assignment of error.

CONCLUSIONS
¶ 8. The chancellor properly granted the executor's motion to strike the renunciation of Thomas Mingo's will. As a matter of law, the co-conservators of Mrs. Mingo's estate did not have standing to file the renunciation on her behalf without first securing permission from the chancellor to make the filing. There further is no merit to the co-conservators' assertion that the record supplementation was not timely made. Accordingly, we affirm the decision of the court below.
¶ 9. THE JUDGMENT OF THE MARION COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.